STATE *ex rel.* E. D.

*v.*

THE HON. NAAMAN J. ALDREDGE

*Chief Judge, etc.*

(No. 14194)

Decided July 11, 1978.

*Bernard L. Spaulding* for relator.

*Chauncey H. Browning*, Attorney General, *William D. Highland*, Assistant Attorney General, for respondent.

McGRAW, JUSTICE:

In this prohibition proceeding, the relator, in view of several irregularities and defects in the transfer hearing, seeks to prevent the Circuit Court of Logan County from proceeding against him as an adult under its criminal jurisdiction.

On September 13, 1977, relator was charged with armed robbery and held in custody pursuant to a petition filed in the Juvenile Court of Logan County. Upon motion of the State a transfer hearing was held on September 23, 1977, and on October 7, 1977, the Court entered an order transferring relator to the Circuit Court of Logan County. Thereafter, petitioner was indicted for armed robbery by the Logan County Grand Jury.

Relator contends that the Circuit Court of Logan County will exceed its jurisdiction by trying relator as an adult on the grounds that: (1) the transfer hearing was held more than seven days after relator's arrest in

violation of W.Va. Code § 49-5-9(a), 10 [1977],[1] and therefore, the juvenile court was without jurisdiction to transfer the matter to the criminal jurisdiction of the circuit court; (2) the order transferring the case to the circuit court did not state that there was no reasonable prospect for rehabilitating the child through resources available to the court as required of W.Va. Code § 49-5-10 [1977]; and (3) the State did not establish by clear and convincing evidence that there was no reasonable prospect for rehabilitating relator.

The respondent admits in its answer all the allegations contained in the relator's petition for a writ of prohibition, except the allegation that the State has "no

---

[1] W.Va. Code § 49-5-9(a), in relevant part, reads:

Following the filing of a juvenile petition, the circuit court or referee shall hold a preliminary hearing. In the event that the child is in custody, such hearing shall be in addition to the immediate detention required by section eight [§ 49-5-8] of this article and shall be held within seven days of the time the child is taken into custody unless good cause be shown for a continuance; and if no preliminary hearing is held within seven days of the time the child is taken into custody, the child shall be released on recognizance unless the hearing has been continued for good cause. . . .

W.Va. Code § 49-5-10, in pertinent parts, states:

(a) Upon motion of the prosecuting attorney, or upon the recommendation of the referee or upon its own motion, the court may at the time specified in section nine [§ 49-5-9] of this article transfer to a criminal proceeding the case of a child who is alleged to have committed, on or after his sixteenth birthday, an offense which, if committed by an adult, would be a felony if there is clear and convincing proof that: (1) the offense allegedly committed by the child is one of violence or evidences conduct which constitutes a substantial danger to the public; and (2) there are no reasonable prospects for rehabilitating the child through resources available to the court under this article. With reference to such rehabilitation prospects the court shall consider the child's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and such other matters as the court may deem appropriate. The burden of proof in any transfer hearing shall rest with the petitioner. . . .

(c) If the court transfers the case to a criminal proceeding, the court's findings of fact and conclusions of law shall be incorporated within the order. The child shall have the right to appeal to the supreme court of appeals from this order.

right to transfer the matter to the circuit court after seven days had elapsed from the arrest." The State, therefore, agrees that this writ of prohibition must be granted on the ground that the juvenile court improperly considered the rehabilitative prospects of relator under W.Va. Code § 49-5-10.

We agree with the respondent that the relator's first contention is without merit. A juvenile court is not deprived of jurisdiction to transfer a child to the criminal jurisdiction of the circuit court where no preliminary hearing is held within seven days of the time a child is arrested. The release of the child on recognizance is the remedy for delay in conducting a preliminary hearing under W.Va. Code § 49-5-9(a) [1977], and a juvenile court is not deprived of jurisdiction to transfer a child to the criminal jurisdiction of the circuit court by the provisions of W.Va. Code § 49-5-10 [1977] where a transfer hearing is not held within seven (7) days of a child being taken into custody.

On the second issue, this Court agrees that the juvenile court's order transferring relator's case to the criminal jurisdiction of the circuit court is legally insufficient under W.Va. Code § 49-5-10 [1977]. An examination of the transfer order reveals that the juvenile court made no express finding that there was "no reasonable prospects for rehabilitating the child through resources available to the court under this article" as required by statute. This statute embodies constitutional principles: "[B]efore a court can waive its juvenile jurisdiction it must under due process procedures ... issue a statement of the reasons for relinquishing juvenile jurisdiction." Syl. pt. 1, *State ex rel. Smith v. Scott*, ____ W. Va. ____, 238 S.E.2d 223 (1977).

A juvenile court, in its order transferring a case to criminal proceedings, must set forth findings of fact and conclusions of law justifying the transfer ruling by virtue of W.Va. Code § 49-5-10 [1977], and where a juvenile court makes no express finding that "there are no reasonable prospects for rehabilitating the child through resources available to the court under this article," as required by W.Va. Code § 49-5-10 [1977], such transfer

order is void, and the circuit court is without jurisdiction to proceed in such case.

Although the State has correctly conceded its failure to meet the statutory burden of proving by clear and convincing proof that there are no reasonable prospects for rehabilitating relator through the resources available to the Court, a brief examination of the evidence is in order.

E. D. is a sixteen (16) year old male with a congenital defect, described as "club foot", requiring surgery and braces in the past, and apparently requiring further surgery in the future. He has performed poorly in school. His parents are divorced; he lives with his mother who has had several cancer operations in the two years preceeding the alleged armed robbery. At age fourteen (14), he was placed on three (3) years probation after being adjudged a delinquent child, and he had pending against him, when the proceedings below were instituted, three drug charges and an armed robbery charge.

Yet, the record indicates, as the State states in its brief, "a wholesale failure of local authorities to attempt to better E.'s home life and school performance." His probation officer said he had done nothing to try to rehabilitate him despite knowledge of his poor home and school life, even though the officer knew he was violating probation by staying out past curfew. The only change in E.'s life resulting from being granted probation was the requirement that he report to his probation officer once a month.

No evidence was introduced at the transfer hearing concerning the rehabilitation resources available to the court.[2] Nothing in the evidence or the transfer order

---

[2] Without any attempt to be exhaustive, the following possibilities come immediately to mind:

W.Va. Code § 49-5-13 [1977] sets forth a number of possible alternative resources available to a juvenile court in aid of disposition following an adjudication of delinquency. These include generally:

discloses whether the juvenile court considered E.'s prospects for or amenability to rehabilitation under programs which may have been available. We note that E. has never been removed from his social environment. No attempt or apparent consideration has been given to a change in parental custody, to foster home placement, or to training at a forestry camp or industrial school. We need not go further. On the record before the Court, it appears no significant effort has yet been made to rehabilitate E. D. Where no such effort has been made, the State's burden to demonstrate by clear and convincing evidence that there is no reasonable prospect of rehabilitation must necessarily become exceedingly difficult. The 1977 juvenile law indicates some rehabilitative effort must be made; nothing beats a failure like a try.

Accordingly, we hold the juvenile court failed to comply with the requirements of W.Va. Code § 49-5-10 [1977], and prohibition lies to preclude the circuit court from proceeding further pursuant to a void transfer order. The case is remanded for a transfer hearing consistent with W.Va. Code § 49-5-10 [1977] or, if the State so elects, for an adjudicatory hearing.

*Writ awarded.*

---

(a) Referral of the child and the child's parents or custodian to a community agency for needed assistance;

(b) Upon a finding that a child needs extra-parental supervision, place the child under supervision of a probation officer or other person without a change of custody, and prescribe a treatment program or reasonably limit the child's activities;

(c) Upon proper findings, the court may place the child in temporary foster care, or temporarily commit the child to the welfare department or other 'child welfare agency' as defined by W. Va. Code § 49-1-5(4) [1977]; and

(d) Upon a finding that no less restrictive alternative would accomplish the goal of rehabilitation, the child may be committed to an industrial home or correctional institution for children.

Additionally, the court may utilize juvenile probation officers to work in conjunction with state and local school authorities to maximize the child's opportunity for participation in programs designed to assist persons with physiologically or psychologically based learning disabilities. Vocational rehabilitation is another possibility.