263 S.E.2d 899 (1980)
STATE of West Virginia
v.
C. J. S.[*]
No. 14438.
Supreme Court of Appeals of West Virginia.
March 18, 1980.
Dissenting Opinion March 26, 1980.
*900 William R. DeHaven, Martinsburg, Richard Lorensen, Law Student, for P. E.
Chauncey H. Browning, Jr., Atty. Gen., Lawrence R. Frail, Asst. Atty. Gen., Charleston, for D. E.
HARSHBARGER, Justice:
This appeal by C. J. S., sixteen years old at the time of his alleged offense, challenges his transfer from the juvenile to the criminal jurisdiction of the Circuit Court of Berkeley County. We reverse and remand for a new transfer hearing consistent with this opinion.
On November 16, 1978, a person armed with a handgun robbed Ellinger's Market, a combination store and gas station located in Berkeley County. Several days later our state police were notified by the Albemarle, North Carolina police department that one of three juveniles in custody on a North Carolina charge had given a statement implicating the three in the robbery.
Two troopers went to North Carolina to question the juveniles and returned them to West Virginia. Juvenile petitions were filed against them; the petition against C. J. S. stated that one E. P. robbed Ellinger's Market of $4,966.59, and C. J. S. "did then and there feloniously, wilfully, maliciously, deliberately, and knowingly encite, move, procure, aid, abet, counsel, hire and command the said . . . [E. P.] to do and commit the said felony and robbery in the manner and form aforesaid."
A transfer hearing was held on December 8, 1978 after which the trial judge found that the alleged offenses were crimes of violence and would be felonies if committed by adults; that there was probable cause to *901 believe that E. P. committed the robbery and that C. J. S. aided and abetted; that neither juvenile exhibited evidence of mental disease or physical impairment; that neither was amenable to parental control or discipline; and that his resources and remedies to deal with them were severely limited. Considering all these factors, the court waived its juvenile jurisdiction and transferred the youths to circuit court for prosecution as adults.
C. J. S. argues that there was no finding of fact that he committed robbery as defined in W.Va.Code, 49-5-10(d)(1) and that the state failed to meet Code, 49-5-10(a) and (d) mandates that it prove clearly and convincingly that his mental and physical condition, maturity, emotional attitude, home or family environment, school experience and similar personal factors, allowed transfer.

I.
In 1977, the Legislature amended our juvenile proceedings statute. If a criminal actor is less than eighteen years old at the time of an alleged offense, the case is immediately certified to the circuit court's juvenile jurisdiction.[1]
The same act provides for transfer of certain cases from juvenile jurisdiction back to the criminal side.[2] Section 10, dealing with this transfer, was again amended in 1978. We have held, both prior and subsequent to this latter amendment, that such transfers should be the exception and not the rule. State v. Bannister, W.Va., 250 S.E.2d 53 (1978); State ex rel. Smith v. Scott, W.Va., 238 S.E.2d 223(1977). As Justice McGraw wrote in State v. M. M., W.Va., 256 S.E.2d 549, 556-557 (1979), "[t]he decision to try a juvenile as an adult has enormous and lifelong consequences for the child and for society. The right to be treated as a juvenile is a valuable right."
Code, 49-5-10(d) provides, in relevant part:
(d) The court may, upon consideration of the child's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and similar personal factors, transfer a juvenile proceeding to criminal jurisdiction if there is a probable cause to believe that:
(1) The child has committed the crime of treason under section one [§ 61-1-1], article one, chapter sixty-one of this Code; the crime of murder under sections one, two and three [§§ 61-2-1, 61-2-2 and 61-2-3], article two, chapter sixty-one of this Code; the crime of robbery involving the use or presenting of firearms or other deadly weapons under section twelve [§ 61-2-12], article two, chapter sixty-one of this Code; the crime of kidnapping under section fourteen-a [§ 61-2-14a], article two, chapter sixty-one of this Code; the crime of first degree arson under section one [§ 61-3-1], article three, chapter sixty-one of this Code . . . and in such case, the existence of such probable cause shall be sufficient grounds for transfer without *902 further inquiry . . . (Emphasis added.)
. . . . .
(4) A child, sixteen years of age or over, has committed an offense of violence to the person which would be a felony if committed by an adult . . . (Emphasis added.)
We do not agree with C. J. S. that aiding and abetting an armed robbery is a separate crime from committing an armed robbery and that he is therefore not subject to transfer. Although the elements of proof for aiding and abetting are different and the crimes require separate treatment in indictments,[3] an aider and abettor has consistently been held to be as criminally responsible for a crime as the criminal actor. The former is a principal in the second degree, the latter a principal in the first degree. State ex rel. Brown v. Thompson, 149 W.Va. 649, 142 S.E.2d 711 (1965), cert. denied, 382 U.S. 940, 86 S.Ct. 392, 15 L.Ed.2d 350, and cases cited therein. Judge Haymond's extensive analysis of the problem made clear that:
[A] person is guilty as a principal in the second degree when he aids and abets the actual perpetrator or the principal in the first degree, in the commission by such perpetrator of a common law offense which is also a statutory crime . . . . Id., 149 W.Va. at 654, 142 S.E.2d at 715.
An aider and abettor has committed the crime as much as the principal in the first degree, and is subject to the same punishment as the principal felon.[4]
Applying a similar juvenile transfer statute in New Jersey,[5] the Appellate Division of the Superior Court of New Jersey found that a juvenile charged as an aider and abettor to an armed robbery could be transferred. State in Interest of R.L.P., 159 N.J.Super. 267, 387 A.2d 1223 (1978). We agree with the reasoning, also found in State in Interest of B. T., 145 N.J.Super. 268, 276, 367 A.2d 887, 891 (1976), that an aider and abettor is equally as guilty as a principal and "as amendable to the transfer process as his cohort . . . ."
The order entered included a finding that there was probable cause to believe C. J. S. aided and abetted the robbery.[6] Therefore he may be transferred.[7]

*903 II.
The first paragraph of Code, 49-5-10(d) supra, requires a court to consider a child's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and similar personal factors before transfer.
Here is the court's total effort to comply with this requirement:
DEFENSE COUNSEL: "Your honor, I believe that one of the considerations of the Court that the Court can consider is the child's mental and physical condition, et cetera, as set forth in the statute."
THE COURT: "The way I read the statute, it's manditory (sic) that I do so. Is (are) Mr. and Mrs. [S.] here?"
COUNSEL: "Yes, they are."[8]
. . . . .
Q: "Has [C. J. S.] ever suffered from any mental disease?"
A: "If you're talking about drugs, yes, if drugs is (sic) considered-included under physical, certainly that's physical  affects physical and mental."
Q: "Do you recall whether he was on drugs at the time of this offense?"
A: "I assume he was, because he had been for several weeks. Yes."
Q: "He had been for several weeks?"
A: "Yes. Uh huh."
Q: "He has not been going to school, has he?"
A: "No, he has not."
Q: "Has he  is it not true he has demonstrated a lack of maturity?"
A: "Yes, that's true."
Q: "And as far as homelife goes, is he obedient and respectful of both of you?"
A: "He hasn't been anywhere as obedient as he should have been in the past few months."
Q: "And you associate that with drugs also?"
A: "Yes, I do, your Honor."
Q: "All right. I gather he has not been attending school?"
A: "That's right, correct."
Q: "Do you know whether he has been working?"
A: "He had worked for a very short period about eight days and laid off or. . . ."
Q: "All right. Do you know who if anybody influenced him, with respect to the use of drugs?"
A: "I think there is a whole scheme of that sort of thing among young people."
Q: "And did you ever  ever see him take drugs?"
A: "No, I never saw him take them, but I could see the evidence afterwards."
Q: "All right. Any other inquiry, gentlemen?"
The court then conducted a similar inquiry of the parents of the second juvenile, E. P. There were no expert witnesses; no physicians or psychologists testified; no school records were assessed.
The state has the burden of establishing by clear and convincing proof all the factors and grounds relied upon to obtain transfer. A cursory inquiry is insufficient.
No long term interest is served by a pro forma adherence to lofty legislative principles. Hearings without substance, moving mechanically to a preconceived result while reciting "magic statutory language" will always transfer those who can be rehabilitated as well as those who cannot be. State v. M. M., supra at 557.
Because neither the state nor the court met the statutory requirements for a transfer hearing we reverse the transferring order and remand for further proceedings consistent herewith.
Reversed and remanded.
NEELY, Chief Justice, dissenting:
I dissent on the grounds that the Court has misread the intent of W.Va.Code, 49-5-10(d)(1) [1978] which was designed to remove an impossible standard of proof concerning the juvenile's capacity for rehabilitation. The plain language of the statute permits a judge to transfer a juvenile upon a showing of probable cause to believe that the juvenile committed treason or one of the violent felonies enumerated in the statute.
This Court has conveniently ignored the legislative history of transfer proceedings. The Legislature first rewrote this section in response to Lycans v. Bordenkircher, W.Va., 222 S.E.2d 14 (1975), where this Court upheld the conviction and penitentiary sentence *904 of a sixteen year old boy for unarmed robbery. In that case, the juvenile had been indicted for armed robbery, a capital offense. Responding to that harsh result, the Legislature rewrote the applicable law and enacted the requirement that the State prove under W.Va.Code, 49-5-10(a) [1977] that there were no reasonable prospects for rehabilitating the child through any other resources. As our Court recognized recently "[t]he burden of proving this negative proposition is without doubt difficult, but certainly not insurmountable." State v. M. M., W.Va., 256 S.E.2d 549, 555 [1979].
The Legislature obviously believed that they had overreacted; consequently, in the 1978 amendment they removed the requirement that the State prove the juvenile a complete loss to society, beyond all hope of redemption. The majority's assertion that the State carries the burden of establishing by clear and convincing proof all the factors and grounds relied upon to obtain transfer is perfectly valid under the old law, but under existing law, which rewrote the 1977 juvenile Act, this burden is removed with regard to certain named, dangerous crimes. Presumably the Legislature believed, as I do, that the burden of proving a delinquent beyond hope of redemption is not just "without a doubt difficult," but plainly insurmountable. The majority has chosen to continue to place this burden on the State and to ignore the plain language of the statute. Court interpretation has indicated that all juveniles will be treated as wayward children when, in fact, many are dangerous, violent felons. Society is entitled to protection against violent children and the Legislature spoke forcefully to the subject in this provision of the Code.[1]
NOTES
[*] Editor's Note: The opinion of the Supreme Court of Appeals of West Virginia in Orndorff v. West Virginia Department of Health, published in the advance sheets at this citation (263 S.E.2d 899), was withdrawn from the bound volume because rehearing is pending.
[1] Code, 49-5-1. Jurisdiction of circuit courts over persons under eighteen years of age; constitutional guarantees; right to counsel; hearings.

(a) The circuit court of the county shall have original jurisdiction in proceedings brought under this article.
If during a criminal proceeding against a person in any court, it shall be ascertained or shall appear that the person is under the age of nineteen years and was under the age of eighteen years at the time of the alleged offense, the matter shall be immediately certified to the juvenile jurisdiction of the circuit court, and the circuit court shall assume jurisdiction of the case in the same manner as cases originally instituted in the circuit court by petition: Provided, that for violation of a traffic law of West Virginia, magistrate courts shall have concurrent jurisdiction with the circuit court, and persons under the age of eighteen years shall be liable for punishment for violation of such traffic laws in the same manner as adults except that magistrate courts shall have no jurisdiction to impose a sentence of confinement for the violation of traffic laws. . . .
[2] Code, 49-5-10(a). Waiver and transfer of jurisdiction.

(a) Upon written motion of the prosecuting attorney filed at least eight days prior to the adjudicatory hearing and with reasonable notice to the child, the parents, guardians, or custodians of the child, and the child's counsel, the court shall conduct a hearing to determine if juvenile jurisdiction should be waived and the proceeding should be transferred to the criminal jurisdiction of the court. Any motion filed in accordance with this section shall state, with particularity, the grounds for the requested transfer, including the grounds relied upon set forth in subsection (d) of this section, and the burden shall be upon the State to establish such grounds by clear and convincing proof. Any hearing held under the provisions of this section shall be held within seven days of the filing of the motion for transfer unless it is continued for good cause.
[3] State v. Bennett, W.Va., 203 S.E.2d 699 (1974).
[4] Code, 61-11-6. In the case of every felony, every principal in the second degree, and every accessory before the fact, shall be punishable as if he were the principal in the first degree. . . .
[5] New Jersey's statute, N.J.S.A. 2A:4-48 provides:

Referral to other court without juvenile's consent. The juvenile and domestic relations court may, without the consent of the juvenile, waive jurisdiction over a case and refer that case to the appropriate court and prosecuting authority having jurisdiction if it finds, after hearing, that:
a. The juvenile was 14 years of age or older at the time of the charged delinquent act;
b. There is probable cause to believe that the juvenile committed a delinquent act which would constitute homicide, treason if committed by an adult or committed an offense against the person in an aggressive, violent and willful manner or committed a delinquent act which would have been a violation of section 19 of the Controlled Dangerous Substances Act (P.L. 1970, c. 226; C. 24:21-19) if committed by an adult and the juvenile, at the time he committed the act, was not addicted to a narcotic drug as that term is defined in section 2 of the Controlled Dangerous Substances Act (P.L. 1970, c. 226; C. 24:21-2); and
c. The court is satisfied that adequate protection of the public requires waiver and is satisfied there are no reasonable prospects for rehabilitation of the juvenile prior to his attaining the age of majority by use of the procedures, services and facilities available to the court.
[6] It need not be found, as appellant argues in his first point of error, that the juvenile committed the crime. The trial court need only find probable cause to believe that the juvenile committed the offense. Code, 49-5-10(d).
[7] Even if we were to find that he was not covered by Code, 49-5-10(d)(1), he would be subject to transfer under Code, 49-5-10(d)(4), because armed robbery is an offense of violence to the person which would be a felony if committed by an adult.

Code, 61-2-12, found in the section entitled "Crimes Against the Person" reads:
If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, or by striking or beating, or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years. If any person commit, or attempt to commit, a robbery in any other mode or by any other means, except as provided for in the succeeding paragraph of this section, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than five nor more than eighteen years. . . .
[8] The mother of C. J. S. answered the inquiry with her husband of several months, the stepfather. C. J. S.'s father resided in Florida and did not appear at the hearing.
[1] A comparison of the 1977 amendment covering transfer with the 1978 amendment reveals the Legislature's intent to transfer juveniles to adult criminal jurisdiction if there is probable cause to believe they committed certain heinous crimes enumerated in (d)(1). The pertinent provisions are:

1977 Amendment
§ 49-5-10. Transfer of Jurisdiction.
(a) Upon motion of the prosecuting attorney, or upon the recommendation of the referee or upon its own motion, the court may at the time specified in section nine of this article transfer to a criminal proceeding the case of a child who is alleged to have committed, on or after its sixteenth birthday, an offense which, if committed by an adult, would be a felony if there is clear and convincing proof that: (1) The offense allegedly committed by the child is one of violence or evidences conduct which constitutes a substantial danger to the public; and
(2) there are no reasonable prospects for rehabilitating the child through resources available to the court under this article. With reference to such rehabilitation prospects the court shall consider the child's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and such other matters as the court may deem appropriate. The burden of proof in any transfer hearing shall rest with the petitioner. (Emphasis added.) W.Va.Code, 49-5-10 [1977].
1978 Amendment
§ 49-5-10. Waiver and transfer of jurisdiction.
(a) Upon written motion of the prosecuting attorney filed at least eight days prior to the adjudicatory hearing and with reasonable notice to the child, the parents, guardians, or custodians of the child, and the child's counsel, the court shall conduct a hearing to determine if juvenile jurisdiction should be waived and the proceeding should be transferred to the criminal jurisdiction of the court. Any motion filed in accordance with this section shall state, with particularity, the grounds for the requested transfer, including the grounds relied upon set forth in subsection (d) of this section, and the burden shall be upon the State to establish such grounds by clear and convincing proof. Any hearing held under the provisions of this section shall be held within seven days of the filing of the motion for transfer unless it is continued for good cause.
. . . . .
(d) The court may, upon consideration of the child's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and similar personal factors, transfer a juvenile proceeding to criminal jurisdiction if there is a probable cause to believe that:
(1) The child has committed the crime of treason under section one [§ 61-1-1], article one, chapter sixty-one of this Code; the crime of murder under sections one, two and three [§§ 61-2-1, 61-2-2 and 61-2-3], article two, chapter sixty-one of this Code; the crime of robbery involving the use or presenting of firearms or other deadly weapons under section twelve [§ 61-2-12], article two, chapter sixty-one of this Code; the crime of kidnapping under section fourteen-a [§ 61-2-14a], article two, chapter sixty-one of this Code; the crime of first degree arson under section one [§ 61-3-1], article three, chapter sixty-one of this Code; or charging sexual assault in the first degree under section three [§ 61-8B-3], article eight-B, chapter sixty-one of this Code, and in such case, the existence of such probable cause shall be sufficient grounds for transfer without further inquiry; or . . . . (Emphasis added.) W.Va.Code, 49-5-10 [1978].