**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)   No. 21-0587** (Nicholas County 17-F-33)

**Terry Lee Hughes,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Terry Lee Hughes appeals the order of the Circuit Court of Nicholas County, entered on June 29, 2021, denying his motion for reduction of sentence.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In 2017, the State indicted petitioner in the Circuit Court of Nicholas County on a single count of first-degree murder. On August 14, 2019, during the second day of trial, the parties reached a plea agreement, pursuant to which petitioner pled no contest to second-degree murder. Petitioner also waived the preparation of a presentence investigation report. Accordingly, on that same date, the circuit court found that "there is no reason not to proceed to sentencing." The circuit court sentenced petitioner to a determinate term of forty years of incarceration and remanded him into custody "for the execution of the sentence."[2] The circuit court later memorialized petitioner's sentence in a sentencing order entered on September 16, 2019, giving him 982 days of credit for time served.

---

[1]Petitioner is self-represented. The State of West Virginia appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lara K. Bissett.

[2]West Virginia Code § 61-2-3 provides, in pertinent part, that second-degree murder "shall be punished by a definite term of imprisonment in the penitentiary which is not less than ten nor more than forty years."

On January 8, 2020, petitioner filed a motion seeking to reduce his sentence, pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure,[3] arguing that the circumstances of his case warranted a reduction of his forty-year sentence. The circuit court, by order entered on June 29, 2021, denied petitioner's motion finding that "the sentence is appropriate due to the seriousness of the crime committed by [petitioner]."[4] It is from this order petitioner appeals.

This Court has previously held as follows:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

On appeal, we need not resolve the parties' dispute as to whether the circuit court erred in denying petitioner's Rule 35(b) motion on its merits. "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 4, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004) (quoting Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965)).

We recently held:

> "A circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." Syllabus point 2, *State ex rel. State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017).

---

[3]While petitioner titled his motion as seeking reconsideration of his sentence, Rule 35(b) of the West Virginia Rules of Criminal Procedure provides, in pertinent part:

> *Reduction of Sentence.* — A motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked . . . . The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

[4]In addition to denying petitioner's motion for reduction of sentence, the circuit court also denied two other motions filed by petitioner. Petitioner does not challenge these denials on appeal.

A sentence is "imposed" for purposes of Rule 35(b) of the West Virginia Rules of Criminal Procedure when the sentence is verbally pronounced at the sentencing hearing. Accordingly, a motion to reduce a sentence under Rule 35(b) is timely when it is filed within 120 days after the sentence is pronounced at a sentencing hearing.

Syl. Pts. 3 and 4, *State v. Keefer*, No. 21-0490, ___ W. Va. ___, 880 S.E.2d 106 (Nov. 4, 2022).[5]

The circuit court pronounced petitioner's sentence at the August 14, 2019, sentencing hearing. Petitioner filed his motion for reduction of sentence on January 8, 2020, which was 147 days after the pronouncement of his sentence.[6] Therefore, as petitioner failed to file his motion within the 120-day time frame set forth in Rule 35(b), the circuit court did not have jurisdiction to entertain the motion.

Even if the motion were timely filed, based upon our review of the record, we find that the circuit court did not abuse its discretion in not holding a hearing on petitioner's Rule 35(b) motion. *See State v. King*, 205 W. Va. 422, 425, 518 S.E.2d 663, 666 (1999). We further find that the circuit court's finding, that petitioner's forty-year sentence was appropriate due to the seriousness of his crime, was sufficient to support the denial of the Rule 35(b) motion as it is clear from the record that petitioner fails to cite any event that occurred after sentencing that would warrant a reduction in his sentence.[7] *Marcum*, 238 W. Va. at 32, 792 S.E.2d at 43; *see State v. Redman*, 213 W. Va. 175, 180, 578 S.E.2d 369, 374 (2003) (rejecting that the argument that there were insufficient findings to permit meaningful appellate review of the denial of a Rule 35(b) motion). Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's

---

[5]As we noted in *State v. Keefer*, No. 21-0490, ___ W. Va. ___, 880 S.E.2d 106 (Nov. 4, 2022), "[g]enerally, an order is effective when a court announces it." Slip Op., at 8 (quoting Syl. Pt. 1, *Moats v. Preston Cnty. Comm'n*, 206 W. Va. 8, 521 S.E.2d 180 (1999)). Moreover, "[a]n oral order has the same force, effect, and validity in the law as a written order. In other words, the actual physical possession of a written order is not required to effectuate said order." *Id.*, at 9 (quoting Syl. Pt. 2, *Moats*, 206 W. Va. at 10, 521 S.E.2d at 182).

[6]"Once the triggering event is established, Rule 45(a) of the West Virginia Rules of Criminal Procedure governs computation of the time frame." *State v. Keefer*, No. 21-0490, ___ W. Va. ___, ___ n.2, 880 S.E.2d 106, ___ n.2 (Nov. 4, 2022).

[7]In Syllabus Point 5 of *Head*, we held:

When considering [Rule] 35(b) motions, circuit courts generally should consider only those events that occur within the 120-day filing period; however, as long as the circuit court does not usurp the role of the parole board, it may consider matters beyond the filing period when such consideration serves the ends of justice.

198 W. Va. at 299, 480 S.E.2d at 508.

3

Rule 35(b) motion for reduction of sentence.

        For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: February 14, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton

Wooton, Justice, dissenting:

        I respectfully dissent, as I believe that *State v. Keefer*, __ W. Va. __, 880 S.E.2d 106 (2022), the precedent upon which the majority relies, was wrongly decided insofar as it announced a new rule of law – one which disadvantaged a criminal defendant by reducing the time within which a motion can be filed pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure – and applied it retroactively to the defendant/petitioner in that case.[1] As I noted in my concurring and dissenting opinion,

> it was both unnecessary and imprudent to issue a new point of law to dispose of this matter without the benefit of oral argument. Because Rule 35 is a court rule, clarifications or changes of the rules which threaten to have widespread effect are best undertaken through rule amendment after an appropriate period of public comment. *At a minimum, the majority's new point of law should have expressly been made to operate prospectively only, lest countless defendants be*

---

[1] I concurred in the Court's judgment in *Keefer* because under the particular facts and circumstances of that case, the petitioner had actual notice that the 120-day time limitation for filing his Rule 35(b) motion would begin to run on January 12, 2021. *Keefer*, __ W. Va. at __, 880 S.E.2d at 113 (Wooton, J., concurring, in part, and dissenting, in part).

4

*unfairly disadvantaged.*

*Keefer*, __ W. Va. at __, 880 S.E.2d at 113 (Wooton, J., concurring, in part, and dissenting, in part) (emphasis added).

Our precedents counsel that a new principle of law cannot be applied retroactively if such application "would retard its operation . . . [and] would produce inequitable results." Syl. Pt. 5, in part, *State v. Blake*, 197 W. Va. 700, 478 S.E.2d 550 (1996). In the instant case, it cannot be gainsaid that retroactive application of *Keefer*, a decision which was issued some five months after the circuit court denied relief in the instant case, is inequitable. At the time petitioner filed his Rule 35(b) motion, when the pendency of the *Keefer* opinion was not on anyone's radar as it had never been set for oral argument, petitioner had every reason to believe that his motion, filed within 120 days of entry of the circuit court's sentencing order, was timely.

In retroactively applying a non-constitutional rule of criminal procedure which disadvantages a criminal defendant,[2] this Court has placed itself outside well-established jurisprudence in both state and federal courts. "[C]ourts that use case-specific [retroactivity] analysis almost *never* find a newly declared state rule of criminal procedure to be sufficiently important to the fact-finding process as to merit retroactive application to criminal cases on direct review." Andrew I. Haddad, *Cruel Timing: Retroactive Application of State Criminal Procedural Rules to Direct Appeals*, 116 Colum. L. Rev. 1259, 1261 (2016) (emphasis added). Further, both in *Keefer* and in the instant case, the majority appears wholly indifferent to the serious ex post facto concerns raised by its retroactive application of a new rule "'which in relation to the offense or its consequences, alters the situation of a party to his disadvantage.'" *State v. R.H.*, 166 W. Va. 280, 289, 273 S.E.2d 578, 584 (1980) (citation omitted), *overruled on other grounds by State ex rel. Cook v. Helms*, 170 W. Va. 200, 292 S.E.2d 610 (1981). Finally, the result in this case is particularly unfair in that the circuit court decided petitioner's Rule 35 motion on the *merits*. Nonetheless, the majority resolved the case on the basis of a brand-new procedural rule that the parties never had the opportunity to argue, since the rule didn't yet exist at the time this appeal was perfected.

In my view, the Court's decision today is, at best, manifestly unfair to the petitioner, and at worst, violative of article III, section 4 of the West Virginia Constitution. For these reasons, I respectfully dissent.

---

[2]There can be no serious argument that shortening the time limit within which a criminal defendant can seek any form of post-trial relief is not a disadvantage.