**FILED**
**February 14, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0601** (Berkeley County CC-02-2016-F-46)

**Christina M. Cuddy,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Christina M. Cuddy[1] appeals the Circuit Court of Berkeley County's June 29, 2021, order denying her motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In 2016, petitioner was convicted of one count of gross child neglect creating a substantial risk of serious bodily injury, after which she discharged her sentence in May of 2019. At that point, petitioner began serving a three-year period of post-incarceration supervision.

In November of 2019, the State filed a petition to revoke petitioner's supervised release upon allegations that petitioner failed to report in order to begin her supervised release, had new interactions with law enforcement in Maryland, and incurred additional criminal charges. After her extradition from Maryland, petitioner waived her preliminary hearing in December of 2020. On January 8, 2021, petitioner admitted to the violations in the petition, and the court revoked her supervised release. The court, however, deferred sentencing pending suitability reports regarding probation and home incarceration. On February 23, 2021, the court held a dispositional hearing at which it sentenced petitioner to three years of incarceration for her violations and imposed an additional three years of supervised release following her incarceration. The order imposing this sentence was entered on February 25, 2021.

On June 25, 2021, petitioner filed a motion for reduction of sentence under Rule 35(b) of

---

[1]Petitioner appears by counsel Dylan K. Batten. The State of West Virginia appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Karen C. Villanueva-Matkovich.

the Rules of Criminal Procedure in which she asserted that the Maryland charges against her had been dismissed. Petitioner asserted that the dismissal constituted a material change in circumstances such that she should not remain incarcerated. The circuit court thereafter denied this motion as untimely, finding that petitioner filed the motion 122 days after her dispositional hearing on February 23, 2021. As a result, the court did not rule on the merits of petitioner's motion. It is from the order denying her Rule 35(b) motion that petitioner appeals.

We have previously established the following:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016). Further, we recently established that

> [a] sentence is "imposed" for purposes of Rule 35(b) of the West Virginia Rules of Criminal Procedure when the sentence is verbally pronounced at the sentencing hearing. Accordingly, a motion to reduce a sentence under Rule 35(b) is timely when it is filed within 120 days after the sentence is pronounced at a sentencing hearing.

Syl. Pt. 4, *State v. Keefer*, -- W. Va. --, -- S.E.2d --, 2022 WL 16706957 (2022). Because it is undisputed that petitioner filed her motion outside the applicable timeframe, we find no error in the circuit court's denial of the same as untimely.

For the foregoing reasons, we affirm the circuit court's June 29, 2021, order denying petitioner's Rule 35(b) motion for reduction of sentence.

Affirmed.

**ISSUED**: February 14, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton


Wooton, Justice, dissenting:

I respectfully dissent, as I believe that *State v. Keefer*, __ W. Va. __, 880 S.E.2d 106 (2022), the precedent upon which the majority relies, was wrongly decided insofar as it announced a new rule of law – one which disadvantaged a criminal defendant by reducing the time within which a motion can be filed pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure – and applied it retroactively to the defendant/petitioner in that case.[2] As I noted in my concurring and dissenting opinion,

> it was both unnecessary and imprudent to issue a new point of law to dispose of this matter without the benefit of oral argument. Because Rule 35 is a court rule, clarifications or changes of the rules which threaten to have widespread effect are best undertaken through rule amendment after an appropriate period of public comment. *At a minimum, the majority's new point of law should have expressly been made to operate prospectively only, lest countless defendants be unfairly disadvantaged.*

*Keefer*, __ W. Va. at __, 880 S.E.2d at 113 (Wooton, J., concurring, in part, and dissenting, in part) (emphasis added).

Our precedents counsel that a new principle of law cannot be applied retroactively if such application "would retard its operation . . . [and] would produce inequitable results." Syl. Pt. 5, in part, *State v. Blake*, 197 W. Va. 700, 478 S.E.2d 550 (1996). In the instant case, it cannot be gainsaid that retroactive application of *Keefer*, a decision which was issued some five months after the circuit court denied relief in the instant case, is inequitable. At the time petitioner filed his Rule 35(b) motion, when the pendency of the *Keefer* opinion was not on anyone's radar as it had never been set for oral argument, petitioner had every reason to believe that his motion, filed within 120 days of entry of the circuit court's sentencing order, was timely.

In retroactively applying a non-constitutional rule of criminal procedure which disadvantages a criminal defendant,[3] this Court has placed itself outside well-established jurisprudence in both state and federal courts. "[C]ourts that use case-specific [retroactivity]

---

[2]I concurred in the Court's judgment in *Keefer* because under the particular facts and circumstances of that case, the petitioner had actual notice that the 120-day time limitation for filing his Rule 35(b) motion would begin to run on January 12, 2021. *Keefer*, __ W. Va. at __, 880 S.E.2d at 113 (Wooton, J., concurring, in part, and dissenting, in part).

[3]There can be no serious argument that shortening the time limit within which a criminal defendant can seek any form of post-trial relief is not a disadvantage.

analysis almost *never* find a newly declared state rule of criminal procedure to be sufficiently important to the fact-finding process as to merit retroactive application to criminal cases on direct review." Andrew I. Haddad, *Cruel Timing: Retroactive Application of State Criminal Procedural Rules to Direct Appeals*, 116 Colum. L. Rev. 1259, 1261 (2016) (emphasis added). Further, both in *Keefer* and in the instant case, the majority appears wholly indifferent to the serious ex post facto concerns raised by its retroactive application of a new rule "'which in relation to the offense or its consequences, alters the situation of a party to his disadvantage.'" *State v. R.H.*, 166 W. Va. 280, 289, 273 S.E.2d 578, 584 (1980) (citation omitted), *overruled on other grounds by State ex rel. Cook v. Helms*, 170 W. Va. 200, 292 S.E.2d 610 (1981).

In my view, the Court's decision today is, at best, manifestly unfair to the petitioner, and at worst, violative of article III, section 4 of the West Virginia Constitution. For these reasons, I respectfully dissent.