301 S.E.2d 827

**Michael R. ARBOGAST, Probation Officer, etc.**

v.

**R.B.C.**

No. 15629.

Supreme Court of Appeals of West Virginia.

March 30, 1983.

**738**

Michael E. Froble, Asst. Atty. Gen., Charleston, for appellee.

Thomas H. Keadle, Buckhannon, for appellant.

PER CURIAM:

R.B.C. appeals the transfer of his armed robbery case from the juvenile jurisdiction to the criminal jurisdiction of the Circuit Court of Upshur County. He assigns as error (1) the denial of counsel at his detention hearing; (2) the absence of specific findings of fact and conclusions of law in the detention order; (3) delay in conducting his transfer hearing; (4) denial of his right to be present when a motion by the State was heard; (5) lack of jurisdiction to try him under an indictment returned while he was still under the juvenile jurisdiction of the court; and (6) certain formal deficiencies in the juvenile petition. For the reasons set forth below, we affirm.

The appellant, a juvenile, was arrested on March 29, 1982 on a warrant charging him with armed robbery of the J & M Diner in Buckhannon. He was immediately taken before the juvenile referee, and a detention hearing was held upon the State's motion. Appellant was not represented by counsel at this hearing; however, his mother was present. The appellant was transferred to the Princeton Detention Facility, and a preliminary hearing was scheduled for April 5, 1982.

On March 30, 1982 appellee Probation Officer Michael R. Arbogast filed a juvenile petition, and an attorney was appointed to represent appellant. Appellant was not present at this time, nor was his counsel. Upon motion of the State, a hearing on the petition was set for April 21, 1982.

On April 5, 1982 the appellant appeared, with counsel and accompanied by his mother, for the preliminary hearing. After hearing testimony, the juvenile referee found probable cause that appellant was a delinquent child and ordered him returned to the Princeton facility until his 18th birthday on April 8, 1982, at which time he was to be returned to the Upshur County Jail. The referee also set the adjudicatory hearing for April 21, 1982.

On April 12, 1982 the State presented this case to the Upshur County Grand Jury, which returned an indictment charging appellant with the aforesaid armed robbery. On the same date, appellant filed discovery motions, a motion to suppress, and a motion to dismiss the warrant and petition with the juvenile court. The motion to dismiss was based upon the denial of counsel at the detention hearing, the lack of knowledge by the probation officer concerning the facts alleged in the petition, and the failure to name his mother as a respondent.

On April 13, 1982 the State filed its motion to transfer the proceedings from the juvenile to the criminal jurisdiction of the circuit court. A transfer hearing was scheduled for April 26, 1982. On April 19, 1982 appellant filed his motion to reduce bond in the case. Appellant's counsel appeared on April 26, and agreed to reschedule the hearing for the following day.

On April 27, 1982 appellant and his counsel appeared, and filed motions to dismiss the petition, to dismiss transfer proceedings, and to suppress certain items of physical evidence. Over objection of appellant, the court granted the State's request for time to prepare argument on these motions, and continued the case until April 29, 1982. On that date, the court denied appellant's motions to dismiss, granted his motion for reduction of bond, and continued the case to May 3, 1982.

On May 3, 1982 the parties appeared, with counsel; appellant was also accompa-

nied by his mother. The State presented testimony and exhibits; appellant did not present any evidence. By order of May 3, 1982 the judge transferred the case to the criminal jurisdiction of the circuit court, holding that appellant could be tried under the indictment returned on April 12, 1982.

The appellant now asks us to reverse the circuit court's order and dismiss the charges against him, on the grounds that his federal constitutional rights have been violated. We have carefully examined the entire record in this case, and find no reversible error in the proceedings below. We shall address the appellant's assignments of error in the order previously stated, noting that appellant has relied most strongly upon the first three.

I

■■■ The appellant's first contention is that he had an absolute right to have counsel appointed to represent him at the detention hearing, because formal proceedings had begun against him when the warrant was issued and the detention hearing held. We disagree. Although *W.Va.Code*, 49–5–9 [1982] gives juveniles the right to counsel at the preliminary hearing, we find no such guarantee in *W.Va.Code*, 49–5–8 [1982], relating to detention hearings, unless a preliminary hearing is held in conjunction with the detention hearing. In syllabus point 1 of *State ex rel. Kearns v. Fox*, 165 W.Va. 421, 268 S.E.2d 65 (1980), the case cited by appellant, we held:

"The filing of a petition under *W.Va. Code*, 49–5–7 [1978] begins the formal proceedings contemplated by Chapter 49 of the *Code*. Once formal proceedings have been instituted the juvenile against whom the petition has been filed has an absolute right to counsel and, if he cannot afford to retain counsel, the court has a duty to appoint counsel for him."

In the instant case, the juvenile petition was filed after the detention hearing, and

counsel was properly appointed at that time. The preliminary hearing was held five days later, and appellant had the benefit of counsel at that hearing. We therefore find no denial of appellant's right to counsel.

II

■■ The appellant next maintains that the trial court erred in denying his motion to dismiss the petition and proceedings against him, on the grounds that the detention order of March 29, 1982 did not contain findings of fact and conclusions of law, as required by *W.Va.Code*, 49–5A–3 [1978]. That section provides, in pertinent part:

"After a detention hearing conducted by a judge, magistrate or referee an order shall be forthwith entered setting forth the findings of fact and conclusions of law with respect to further detention pending hearing and disposition of the child proceedings involving such juvenile.... A detention order of a judge or referee shall become effective immediately, subject to the right of review provided for in section four [§ 49–5A–4] of this article, and shall continue in effect until modified or vacated by the judge."

The State admits that the order did not contain specific findings of fact. Instead, the referee made a determination pursuant to *W.Va.Code*, 49–5A–2 [1977] that "the detention of Infant Respondent is in the best interests of the Infant Respondent and the Community...." The lower court found some merit in appellant's argument. However, the State argued below, as it does here, that the proper remedy for defects in the detention order is an application for review of that order under *W.Va. Code*, 49–5A–4 [1972],[1] and not dismissal of the petition. The trial court agreed, and denied appellant's motion. We find no error in the court's decision.

1. *W.Va.Code*, 49–5A–4 [1972] states:
   "Upon the application of any person in interest or on his own motion, a judge may modify or vacate any order entered in his court after a detention hearing and enter such order as to detention or release from detention as he deems just and proper."
   It does not appear from the record that the appellant made such an application.

## III

■ *W. Va. Code*, 49–5–10 [1978] requires that a transfer hearing be held within seven days of the filing of the motion for transfer unless it is continued for good cause. The appellant contends that the circuit court should have granted his motion to dismiss transfer proceedings because his transfer hearing was not held within this seven-day period, and no continuance for good cause is shown on the record. We do not agree.

Upon the filing of the transfer motion on April 13, the court set the matter for hearing on April 26, 1982. The appellant objected to this delay, and on April 27 filed his motion to dismiss the proceedings. The motion was heard on April 29, and was denied by the court without stating the reasons therefor on the record. We find no orders of record indicating good cause for the initial delay in setting the hearing. However, the transcript of the hearing on appellant's motion reveals that the transfer hearing was set on the first available court date, and that the judge was out of town during the previous week.

It further appears that the appellant's counsel was not served with notice of the transfer hearing until April 16, 1982, which would have given him only four days, at most, to prepare if the hearing had been held within seven days. The appellant filed his discovery motions on April 12, and had not yet received the State's response when the parties first appeared before the court on April 27, 1982. At that time, appellant's counsel indicated that he would not be prepared to conduct the transfer hearing on April 29 should his motion be denied, unless he had been provided with answers to his discovery motions. The State provided those answers during the hearing on April 29. However, because of a disagreement between the parties as to when the matter would be heard, the court continued the transfer hearing to May 3, 1982, over appellant's objection.

The appellant states that he was denied his right to a speedy disposition of the transfer proceedings, to his injury and prejudice. However, the only prejudice alleged by appellant is that he was forced to remain in jail awaiting the court's determination whether he would be treated as a juvenile or an adult, with the possibility of being released as a juvenile should transfer be denied. We note that appellant had been incarcerated since his arrest, and was unable to post bond even after the court reduced it on April 29 to $7,500. Indeed, counsel has informed us that appellant remains in jail. Under these circumstances, we fail to see how an earlier transfer hearing would have changed appellant's situation to any degree.

Although there were a number of delays in holding the transfer hearing, we are of the opinion that good cause was shown for each continuance of the case, especially in light of the numerous motions and discovery requests filed by appellant of which disposition was necessary before the transfer could proceed. We conclude that appellant was not prejudiced by any delay in conducting his transfer hearing, and hold that the trial court did not err in denying appellant's motion to dismiss the proceedings.

## IV

■ The appellant's complaint that the court denied him his right to be present when it granted the State's motion to file the petition and set it for a hearing is without merit. Although *W. Va. Code*, 62–3–2 [1923] and *W. Va. Const.* Art. III, § 14 guarantee an accused the right to be present at all critical stages of the proceedings, the entry of routine orders filing motions or involving clerical or administrative matters is not such a critical stage. *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710, 719 (1977). Further, *W. Va. Code*, 49–5–7 [1982], providing for service of the petition and summons upon the child after the petition has been filed and the preliminary hearing set, clearly contemplates the child's absence at that initial stage of the proceedings.

The appellant does not contend, and we fail to perceive, that he could have been prejudiced in any way by his absence when the petition was set for hearing. We hold, therefore, that the trial court did not de-

prive the appellant of his right to be present when it accepted the petition and set the case for hearing during his absence. Even were we to hold that appellant's presence was necessary, under the facts of this case we find any error in his exclusion to be harmless beyond a reasonable doubt.

## V

■ The appellant turned 18 years of age on April 8, 1982. On April 12, 1982 the Upshur County Grand Jury indicted him for the armed robbery. At that time, no transfer hearing had yet been held. The appellant argues that the lower court erred in ordering that he be tried under this indictment, because at the time the indictment was returned the court had not yet waived its juvenile jurisdiction over him, and the circuit court was without jurisdiction to seek an indictment.

We find nothing in the juvenile law that would prohibit the State from seeking an indictment against a juvenile against whom transfer proceedings are contemplated. *W.Va.Code,* 49–5–10(b) [1978] does provide that:

"No inquiry relative to admission or denial of the allegations of the charge or the demand for jury trial shall be made by or before the court until a decision shall have been made relative to whether the proceeding is to be transferred to criminal jurisdiction."

This statute merely stays further proceedings, such as arraignment, until the court has made its decision whether to transfer the child to adult jurisdiction. We agree that appellant could not have been tried under the indictment, had the court not waived its juvenile jurisdiction. However, the circuit court now properly has criminal jurisdiction over him, under the transfer order.

Appellant maintains that he was denied due process of law, but does not tell us how this alleged denial prejudiced him in any way. We find nothing in this record that shocks the conscience or raises appellant's circumstances to the level of a denial of due process. Under the facts of this case, we find any error in seeking the indictment before the court had relinquished its juvenile jurisdiction to be harmless, and hold that the lower court did not err in directing that appellant be tried under the indictment.

Were we to hold otherwise, the only remedy to which appellant would be entitled would be an order to quash the indictment. Since appellant has not yet answered the indictment or otherwise been placed in jeopardy, the State would merely re-indict him and proceed as before. This result would hardly comport with the appellant's professed desire for a speedy disposition of the charges against him.

## VI

■ The appellant's other arguments deal with the form of the juvenile petition filed in his case. He contends that the lower court should have granted his motion to dismiss the petition, on the grounds that it did not set forth specific allegations of the conduct and facts upon which it was based; that it was signed by someone without knowledge of or information concerning the facts alleged; and that appellant's mother was not named as a respondent, all in violation of *W.Va.Code,* 49–5–7 [1982].

*W.Va.Code,* 49–5–7 [1982] provides, in pertinent part:

"(a) A petition alleging that a child is a delinquent child may be filed by a person who has knowledge of or information concerning the facts alleged....

"The petition shall contain specific allegations of the conduct and facts upon which the petition is based, including the approximate time and place of the alleged conduct ....

. . . .

"(b) The parents, guardians or custodians shall be named in the petition as respondents, and shall be served with notice of the proceedings...."

The petition in the instant case was filed on March 30, 1982, and was signed by Michael R. Arbogast, Probation Officer for the 26th Circuit. It alleged that on March 29, 1982 a warrant was issued charging

appellant with armed robbery, setting out the contents of the warrant in full, and stated that the warrant charged appellant with acts which would constitute a felony. The petitioner alleged that, based upon the information contained in the warrant, appellant was a delinquent child. The petition did not name appellant's mother as a respondent, but prayed that she be named as respondent and given notice of the hearing.

We are of the opinion that this petition is sufficient under the statute, and hold that the lower court did not err in refusing to dismiss it upon the grounds raised by appellant. We therefore conclude that no reversible error occurred in the proceedings below.

Accordingly, the order of the Circuit Court of Upshur County, transferring appellant to the adult jurisdiction of the circuit court, is affirmed.

Affirmed.