383 S.E.2d 796

**STATE of West Virginia**

v.

**David Lance BEAMAN.**

**No. 18857.**

Supreme Court of Appeals
of West Virginia.

July 13, 1989.

Richard M. Riffe, Asst. Atty. Gen., Charleston, for State.

George A. Stolze, Huntington, for Beaman.

BROTHERTON, Chief Justice:

The appellant, David Lance Beaman, petitions this Court for a writ of error and supersedeas. Beaman is currently serving a ten-year sentence in the State penitentiary as a result of an aggravated robbery conviction and subsequent parole violations. He now argues to this Court that the denial of his transfer hearing by the Circuit Court of Cabell County constituted an infringement upon rights guaranteed to him by the federal and state constitutions and W.Va.Code § 49–5–10.

David Lance Beaman was fifteen years old when he was indicted by a Cabell County grand jury in 1986 for the felony offense of aggravated robbery. Proceedings against Beaman were instituted by a juvenile petition filed on December 3, 1985, which was served upon his mother on December 4, 1985. A preliminary hearing on this petition was waived and an adjudicatory hearing was scheduled for December 13, 1985.

Beaman appeared before Judge L.D. Egnor of the Sixth Judicial Circuit on December 13, 1985. At that time, the prosecution announced its intention to move to have Beaman transferred to adult jurisdiction. A motion seeking transfer of jurisdiction was filed on December 23, 1985.

Beaman failed to appear at his first transfer hearing, which was scheduled for December 30, 1985. Judge Egnor then ordered that Beaman be arrested and detained at the Cabell County Youth Center pending a future transfer hearing. In the meantime, however, Beaman was indicted for the said offense of aggravated robbery by the January 1986 term grand jury of the Circuit Court of Cabell County. On January 27, 1986, the circuit court found that formal transfer proceedings were "unnecessary" because an indictment had been returned and Beaman was effectively within the criminal jurisdiction of the Circuit Court of Cabell County. In this transfer order, the court stated that "all further proceedings involving the respondent and arising out of the crime alleged in juvenile petition 85–J–579 shall be handled in manner and form as occurs in all adult criminal

matters under the laws of the State of West Virginia." Judge Egnor further ordered that Beaman be denied bail and that he appear before Judge Alfred E. Ferguson on January 28, 1986, for the purpose of arraignment, at which time he could renew his motion for bail.

An order was entered appointing counsel for Beaman on January 28, 1986, and Beaman was released on bond. A trial date was set for March 3, 1986. However, on March 3, Beaman appeared with counsel before Judge Ferguson and his trial date was moved to April 1, 1986.

On April 1, 1986, Beaman entered a plea of guilty to aggravated robbery and the circuit court accepted his plea. He was sentenced to the West Virginia Department of Corrections for a term of ten years. Because he was sixteen years of age, he was confined at the Industrial Home for Youths in Salem, West Virginia, until he reached his eighteenth birthday. After he turned eighteen, the Department of Corrections recommended probation rather than continued confinement in an adult facility. Beaman was placed on five years probation on February 11, 1988.

However, on April 20, 1988, Chief Probation Officer William J. Rogers filed a petition to revoke Beaman's probation. After Beaman failed to appear in court the following day, a warrant for his arrest was issued. On May 20, 1988, Beaman was arrested at a high school prom and charged with probation violation. He was incarcerated in the Cabell County jail and no bond was set. Beaman escaped from the Cabell County jail on May 21. He was apprehended on May 24 in Lawrence County, Ohio, and was returned to jail.

The petition to revoke Beaman's probation was amended on May 23, 1988, and Beaman was charged additionally with jail escape and consorting with a known felon. Beaman waived his right to a probable cause determination at a hearing held on June 6, 1988, and bond was set at $225,000.00. Beaman was indicted by the May 1988 term of the grand jury for the offense of misdemeanor jail escape and a trial date was set for January 25, 1989. On June 21,

1988, Beaman appeared before Judge Ferguson for a probation violation hearing and moved to dismiss the amended petition to revoke probation. The motion was denied by an order entered on July 12, 1988, but the probation revocation hearing was continued for sixty days to afford Beaman an opportunity to seek appellate relief.

On July 15, 1988, Beaman's attorney presented his petition for a writ of habeas corpus ad subjiciendum to this Court. The writ was refused, but we ordered that Beaman be permitted to give bond in the amount of $220,000.00.

Beaman appeared before the Circuit Court of Cabell County for a final probation violation hearing on August 19, 1988. In an order entered on August 23, 1988, Judge Ferguson found that Beaman had violated four conditions of his probation: (1) he escaped from jail; (2) he consorted with a known felon; (3) he failed to report to his probation officer on two occasions; and (4) he left South Carolina and returned to West Virginia without permission. Beaman's probation was suspended and annulled, and he was sentenced to a term of ten years in the West Virginia State Penitentiary, with credit given for time already served.

In the petition now before this Court, Beaman argues that the circuit court's denial of a transfer hearing violated rights guaranteed to him by W.Va.Code § 49-5-1 *et seq.*, specifically § 49-5-10, and that this denial constituted an infringement upon the due process rights guaranteed by the federal and state constitutions. It is the State's position that Beaman knowingly, intelligently, and voluntarily waived his right to a transfer hearing. After reviewing the record before us, we conclude that Beaman effectively waived his right to a transfer hearing, and thus we deny Beaman's petition for the reasons set forth below.

■ Beaman argues that he never had a transfer hearing and that no demand to be transferred was ever made by him upon the record of this case, and thus the circuit court never properly had jurisdiction over him. West Virginia Code § 49-5-10(a)

(1986) provides that a court "shall conduct a hearing to determine if juvenile jurisdiction should be waived and the proceeding should be transferred to the criminal jurisdiction of the court."[1] However, subsection (c) states that "[t]he court shall transfer a juvenile proceeding to criminal jurisdiction if a child who has attained the age of sixteen years shall make a demand on the record to be transferred to the criminal jurisdiction of the court."

The clear statutory intent of W.Va.Code § 49–5–10 is that a transfer hearing take place prior to an adjudicatory hearing on a juvenile petition. We recognized as much in *Arbogast v. R.B.C.*, 171 W.Va. 737, 741, 301 S.E.2d 827, 831 (1983), *overruled on other grounds, State ex rel. M.C.H. v. Kinder*, 173 W.Va. 387, 317 S.E.2d 150, 155 (1984), in which we said that a juvenile may be indicted prior to his transfer hearing, but that the hearing must be held and a probable cause determination must be made before the State may proceed to act on the indictment.

There is an obvious difference, however, between seeking an indictment against a juvenile defendant before a court has relinquished juvenile jurisdiction, as was done in the *Arbogast* case, and stating that an indictment constitutes probable cause which eliminates both the need for and the right to have a transfer hearing, which seems to have been Judge Egnor's position in the case now before us. We can only conclude that Judge Egnor misstated the law when he said in his January 27, 1986, order that a transfer hearing was "unnecessary" because an indictment had been returned and Beaman was effectively within the criminal jurisdiction of the court. The return of an indictment against a juvenile defendant, while establishing probable

cause, does not provide the necessary facts upon which the juvenile court should base its decision as to the propriety of transfer, and it does not preclude the defendant's right to a transfer hearing.

In order to properly determine whether a juvenile defendant should be transferred to adult jurisdiction, a court must consider the purpose behind affording a juvenile such a hearing. In *State ex rel. Smith v. Scott*, 160 W.Va. 730, 238 S.E.2d 223, 226 (1977), we recognized that "[i]n theory the transfer hearing is invoked by the State where there are special circumstances[2] which may justify relinquishment of juvenile jurisdiction. The hearing is not intended to establish guilt." Moreover, we stated that the legislative intent behind the enactment of the juvenile statute was "that juveniles should, in the ordinary case, be subject to juvenile court jurisdiction. Transfer therefore should be the exception and not the rule." *Id. See Kent v. United States*, 383 U.S. 541, 560–61, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84, 97 (1966).

■ Although we disagree with Judge Egnor's January 27, 1986, ruling that a transfer hearing was unnecessary because Beaman had already been indicted, we nonetheless find that, in this case, Beaman effectively waived his right to complain about the lack of a transfer hearing and suffered no denial of due process. As we noted above, Beaman failed to appear at a transfer hearing which was scheduled to be held on December 30, 1985. Following Judge Egnor's January 27, 1986, decision that the grand jury's subsequent indictment of Beaman had made further transfer proceedings "unnecessary," Beaman made no objection to the order transferring him

---

1. West Virginia Code § 49–5–10(a) states that: Upon written motion of the prosecuting attorney filed at least eight days prior to the adjudicatory hearing and with reasonable notice to the child, the parents, guardians, or custodians of the child, and the child's counsel, the court shall conduct a hearing to determine if juvenile jurisdiction should be waived and the proceeding should be transferred to the criminal jurisdiction of the court. Any motion filed in accordance with this section shall state, with particularity, the grounds for the

requested transfer, including the grounds relied upon set forth in subsection (d) of this section, and the burden shall be upon the State to establish such grounds by clear and convincing proof. Any hearing held under the provisions of this section shall be held within seven days of the filing of the motion for transfer unless it is continued for good cause.

2. *See* W.Va.Code § 49–5–10(d)(1)–(5).

to adult criminal jurisdiction, but instead, on April 1, 1986, he entered a plea of guilty to the charge contained in the first count of the indictment, aggravated robbery.

A portion of a transcript of the April 1, 1986, hearing is contained in the record now before us, and it reveals the following exchange between Judge Ferguson and Beaman prior to the acceptance of Beaman's guilty plea:

Q. Lance, your attorney has mentioned before you never have had a hearing in front of Judge Egnor what we call a transfer hearing to see whether or not you should be transferred to the adult court. There is an indictment that was returned against you and you were brought immediately to court and your attorney feels that the State may have erred, violated your rights by not having that transfer hearing in Judge Egnor's court. 'Do you understand if you plead guilty to the charge you will be waiving or giving up any claim that you have to the fact your rights were violated in that regard in any way?

A. Yes.

Q. When you plead guilty you will give that up. Do you understand that?

A. Yes.

Beaman was scheduled to have a probation revocation hearing on June 30, 1988, but his newly appointed counsel, George Stolze, asked the court to consider instead both the legality of Beaman's sentence as well as the fact that he did not receive a transfer hearing before being transferred

to adult jurisdiction. Judge Ferguson reviewed the record of the April 1, 1986, proceeding, including the above-quoted passage, and concluded that Beaman had in fact affirmatively waived his right to complain about the failure to hold a transfer hearing and that such waiver was made on the record in this case. We agree with the court's conclusion on this point.[3] "[Subject to the provisions of W.Va.Code, 49–5–1(d) ] [t]here is no constitutional impediment which prevents a minor above the age of tender years solely by virtue of his minority from executing an effective waiver of rights; however, such waiver must be closely scrutinized under the totality of the circumstances." Syllabus point 3, *State v. Howerton,* 174 W.Va. 801, 329 S.E.2d 874 (1985).

Beaman was fifteen years of age when the crime to which he plead guilty was committed and sixteen years old when he entered his guilty plea. We can find no evidence in the record which suggests that Beaman's waiver was ineffective for any reason. Rather, it appears to this Court as though Beaman, acting against the advice of counsel, chose to accept the State's offer to recommend the minimum prison sentence for armed robbery, because it was his understanding that he would be permitted to serve his sentence in a forestry camp rather than in the State penitentiary.[4]

We disagree as well with Beaman's contention that the circuit court never had jurisdiction to accept his guilty plea. In support of this argument he cites W.Va. Code § 49–5–10(b), which states that "[n]o inquiry relative to admission or denial of

---

3. Beaman also responded affirmatively to questioning on this point contained in the "Questions Relative To Entry of Plea of Guilty" form which was completed and signed by both Beaman and his attorney, Keith Newman, on April 1, 1986.

4. At the hearing before Judge Ferguson on August 19, 1988, Beaman's former attorney, Keith Newman, testified that "I told him at the time that the plea was entered that if he wanted to plead in my opinion he was waiving his right to a transfer hearing." Newman stated that he believed Beaman got a good deal from the State but, when asked if he would have "recommended to Mr. Beaman he waive his transfer

hearing and plead guilty to this charge," he responded, "No, I would not let him waive the transfer hearing." It was then established that Beaman wanted to agree to the State's terms and Newman, at this point viewing the transfer hearing as little more than a technicality, felt that "it was a good deal for him" but also said "I did raise the objection not having the transfer hearing at the same time."

Newman also pointed out that, although Beaman anticipated serving his sentence in a forestry camp, he was not accepted there and was instead taken to the Industrial Home for Youths in Salem, West Virginia.

the allegations of the charge or the demand for jury trial shall be made by or before the court until a decision shall have been made relative to whether the proceeding is to be transferred to criminal jurisdiction." In this case, Beaman was transferred to criminal jurisdiction on January 27, 1986, and he did not appeal the entry of this order, as W.Va.Code § 49–5–10(f) allows,[5] but instead elected to plead guilty to the charge against him on April 1, 1986. It is clear from the record that the lower court explained to Beaman that the entry of his guilty plea was contingent upon his willingness to waive his right to claim that his rights were violated when he was not given a transfer hearing. Beaman affirmatively waived his right to challenge the circuit court's failure to hold a transfer hearing in his case.

Although we find that Beaman waived his right to challenge the absence of a transfer hearing, we would caution the lower courts to more closely follow the procedures set forth in W.Va.Code § 49–5–1 *et seq.* when exercising their juvenile jurisdiction. The State concedes that the lower court's decision to transfer the defendant to adult jurisdiction based solely upon the return of the indictment and without a formal hearing "may have been erroneous." Nonetheless, we believe that such error was rendered harmless by the fact that Beaman did not object to the court entering the transfer order without having formal transfer proceedings and he later affirmatively waived his right to challenge the transfer to adult jurisdiction prior to the entry of his guilty plea.

Finally, we will not ignore the fact that Beaman failed to appear at his first scheduled transfer hearing on December 30,

1985, and that he acted against the advice of counsel and plead guilty to armed robbery in order to receive what he believed was a favorable sentence. Indeed, it was only after Beaman had been ordered to serve the remainder of his sentence in the penitentiary following his probation violations and a jail escape that he complained of the circuit court's failure to hold a transfer hearing during the original proceedings against him. We are convinced that Beaman knew what he was doing when he waived the right to complain of any deficiencies in those initial proceedings.

For the foregoing reasons, we find no reversible error and deny the appellant's petition for a writ of error and supersedeas. The judgment of the lower court is hereby affirmed.

Affirmed.

---

5. West Virginia Code § 49–5–10(f) provides, in part, that:

The child shall have the right to directly appeal an order of transfer to the supreme court of appeals of the State of West Virginia: Provided, That notice of intent to appeal and a request for transcript be filed within ten days from the date of the entry of any such order and the petition for appeal shall be presented to the supreme court of appeals within forty-five days from the entry of such order, and that, in default thereof, the right of appeal

and the right to object to such order of transfer shall be waived and may not thereafter be asserted.

In syllabus point 1 of *State v. Howerton,* 174 W.Va. 801, 329 S.E.2d 874 (1985), we stated that "[a] juvenile defendant's failure to comply with W.Va.Code, 49–5–10(f), relating to a direct appeal of a transfer to the criminal jurisdiction of the circuit court, forecloses our considering his objection as to the transfer hearing on his subsequent criminal appeal."