394 S.E.2d 892

**E.B., JR., V.E.B., and M.D.H., all Juveniles Under the Age of Eighteen Years**

v.

**Honorable Thomas B. CANTERBURY and the Honorable John C. Ashworth, Judges of the Tenth Judicial Circuit, and Lawrence R. Frail, Prosecuting Attorney of Raleigh County.**

No. 19565.

Supreme Court of Appeals of West Virginia.

June 26, 1990.

---

198

Lee H. Adler, Co–Chairperson, Tenth Judicial Circuit Public Defender Bd. and Michael E. Froble, Chief Public Defender, Tenth Judicial Circuit, Beckley, for E.B., Jr., V.E.B., and M.D.H.

Kristen L. Keller, Chief Deputy Pros. Atty., and Mark Neil, Asst. Pros. Atty., Beckley, for Thomas Canterbury, John C. Ashworth, and Lawrence R. Frail.

WORKMAN, Justice:

This case is before this Court pursuant to a request by petitioners for a writ of mandamus and/or prohibition. The petitioners are three juveniles charged with capital offenses. Two of the petitioners request this Court to issue a writ of mandamus directing the prosecuting attorney of Raleigh County to dismiss indictments brought against them. The third petitioner requests this Court to issue a writ of prohibition directing the prosecuting attorney to refrain from pursuing an indictment against him and the respondent judge to refrain from acquiescing in the presentment of his case to the grand jury. The petitioners contend that the respondent prosecuting attorney's practice of seeking criminal indictments against juveniles prior to following statutory procedure for transferring them to adult criminal jurisdiction effectively denies them rights guaranteed by the United States and West Virginia Constitutions and by W.Va. Code §§ 49–5–1 to –18 (1986). We find that the practice of obtaining an adult criminal indictment against a juvenile before holding a transfer hearing is improper and that the prosecuting attorney is required to follow the statutory juvenile proceedings set forth in W.Va. Code §§ 49–5–1 to –18.

Petitioner E.B., Jr., who is fourteen-years-old, was charged by a juvenile petition with aiding and abetting in a murder which occurred on January 9, 1990. E.B., Jr. was released on bond by the Honorable Chief Judge Ashworth. At the preliminary hearing on January 18, 1990, the state moved to dismiss the charges against E.B., Jr. The prosecuting attorney informed the court that the petition needed to be amended to charge E.B., Jr. as a principal and that further investigation was needed to determine whether this juvenile should be transferred to adult status. Indication was given that if E.B., Jr. was determined to be a candidate for transfer to adult status, an indictment would first be sought.[1] Defense counsel objected at that time to the prosecuting attorney's intentions. Counsel for E.B., Jr. made the argument that this method of dismissing juvenile charges and indicting the juvenile as an adult circumvented the juvenile proceedings set up in W.Va. Code §§ 49–5–1 to –18. In particular, he argued that if an indictment is obtained and the juvenile is subsequently transferred to adult jurisdiction, the juvenile is denied protection provided by the juvenile statutory law, such as the right to a preliminary hearing and the possibility of an improvement period. Judge Ashworth granted the state's motion to dismiss, but did order that counsel be appointed to represent E.B., Jr. even though he was not then under any criminal charges.

On November 4, 1989, V.E.B., who is sixteen-years-old, was arrested and charged by juvenile petition with murdering another youth on November 3, 1989. A preliminary hearing was not set pursuant to the juvenile statutory procedure, but V.E.B. was instead indicted by the grand jury on January 11, 1990, for first degree murder. Six days later, the prosecuting attorney filed a motion to transfer V.E.B.

to criminal jurisdiction in Raleigh County, citing W.Va. Code § 49–5–10(d)(1) as authority to transfer.[2] Counsel for V.E.B. objected to the transfer to adult jurisdiction at the transfer hearing held on January 25, 1990. Counsel argued that the State's failure to proceed under the juvenile statutes and instead to indict the juvenile deprived him of his constitutional and statutory rights. At this hearing, the prosecuting attorney agreed to continue the matter in order to permit review of this procedure by this Court.

Petitioner M.D.H. was also indicted by the grand jury on January 11, 1990. M.D.H., who is fourteen-years-old, was charged with five counts of first degree sexual assault and sexual abuse. The record shows that a juvenile petition was filed against M.D.H. in December 1989, but apparently no action was taken pursuant to the juvenile statutes. The prosecution made a motion to transfer M.D.H. to adult jurisdiction and the transfer hearing for M.D.H. was held on January 25, 1990. The same arguments were made with regard to M.D.H. as had been made in the case of V.E.B. As with V.E.B., the matter of transfer of M.D.H. was continued to allow review of this procedure by this Court.

In the case before us, petitioners contend that procedures set forth in the juvenile statutes were not followed; and that the state's practice of obtaining indictments against juveniles prior to transfer to adult criminal jurisdiction is violative of W.Va. Code §§ 49–5–1 to –18 and constitutes a deprivation of rights guaranteed under the West Virginia and United States Constitutions. Respondents argue that this Court has expressly determined in *Arbogast v. R.B.C.*, 171 W.Va. 737, 301 S.E.2d 827 (1983) that a juvenile can be tried under an indictment which was returned prior to holding a transfer hearing where the court

---

**1.** By letter dated February 23, 1990, the State offered to let E.B., Jr. plead guilty to a juvenile petition of aiding and abetting murder in the first degree. If E.B., Jr. would agree to such a plea, the State would not seek to transfer him to adult status.

**2.** West Virginia Code § 49–5–10(d) states that "the court may, upon consideration of the

child's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and similar personal factors, transfer a juvenile proceeding to criminal jurisdiction if there is a probable cause to believe that:

(1) The child has committed ... the crime of murder....

subsequently relinquished its juvenile jurisdiction.

In resolving this issue, it is necessary to review the statutes relating to juvenile proceedings. The current juvenile statute, W.Va. Code §§ 49–5–1 to –18 was amended and revised substantially in 1977. The revisions and amendments to this statute resulted in a much more detailed account of how a juvenile accused of criminal conduct is to be taken through the criminal process, and what rights he should be afforded at each step of the process. It is interesting to note that the transfer section, 49–5–1, was added in the 1977 amendments to the juvenile statute. Prior to the 1977 amendments, a juvenile charged with a capital offense was not entitled to special treatment as a juvenile offender, and was instead subject to adult criminal jurisdiction immediately by virtue of the nature of the offense charged. *See* W.Va. Code § 49–5–3 (1975); *State ex rel. Hinkle v. Skeen,* 138 W.Va. 116, 75 S.E.2d 223 (1953); *cert. denied,* 345 U.S. 967, 73 S.Ct. 954, 97 L.Ed. 1385 (1953).

Under current law, when a person under the age of eighteen commits an offense which would be a criminal offense if committed by an adult,[3] such person is charged with that offense by means of a juvenile petition, pursuant to W.Va. Code § 49–5–7(a). West Virginia Code § 49–5–9(a) provides that once a petition has been filed and the juvenile is in custody, a preliminary hearing shall be held within ten days. At this preliminary hearing, the juvenile is informed of his right to be represented by counsel at all stages of the proceedings and is informed of his right to a jury trial. W.Va. Code § 49–5–9(a)(1) and –(5). The juvenile is entitled at this preliminary hearing to move for an improvement period for a time period not to exceed one year.[4] If the court

determines at the conclusion of the preliminary hearing that there is probable cause to believe the child is a delinquent child, the next step in the juvenile process is an adjudicatory hearing. W.Va. Code § 49–5–9(a)(3).

■ Once the adjudicatory hearing is set, the prosecuting attorney may file a written motion at least eight days prior to the hearing date, asking the court to transfer jurisdiction of the matter from juvenile to adult jurisdiction. A transfer hearing shall be held within seven days of the filing of the motion to transfer unless a continuance is granted for good cause. W.Va. Code § 49–5–10(a). According to W.Va. Code § 49–5–10(d)(1),

> The court may, upon consideration of the child's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and similar personal factors, transfer a juvenile proceeding to criminal jurisdiction if there is a probable cause to believe that: The child has committed the crime of ... murder ... [or] sexual assault in the first degree ...;

We found, however, in *State ex rel. Cook v. Helms,* 170 W.Va. 200, 292 S.E.2d 610 (1981), that:

> When a court finds that there is probable cause to believe that a juvenile has committed one of the crimes specified in W.Va. Code, 49–5–10(d)(1) (treason, murder, robbery involving the use of or presenting of deadly weapons, kidnapping, first-degree arson, and first-degree sexual assault), the court may transfer the juvenile to the court's criminal jurisdiction without further inquiry....

*Id.* at Syl. Pt. 2. We further found, however, that the trial court judge is not precluded from considering evidence about the child's "personal factors," even when the juvenile charge is a serious crime. 170 W.Va. at 203, 292

---

3. The Legislature intended to separate the wrongful acts of children from the criminal acts of adults. "With the exception of capital offenses, the legislature has said that a child under sixteen years of age can not be guilty of a crime but can be guilty only of juvenile delinquency." *State ex rel. Slatton v. Boles,* 147 W.Va. 674, 682, 130 S.E.2d 192, 197 (1963).

4. Pursuant to W.Va. Code § 49–5–9(b), "If the court is satisfied that the best interest of the child is likely to be served by an improvement period, the court may delay the adjudicatory hearing and allow a noncustodial improvement period upon terms calculated to serve the rehabilitative needs of the child...."

S.E.2d at 613. Once the juvenile has been transferred to adult criminal jurisdiction, clearly he may then be subject to indictment by a grand jury.

■ A review of the rules and statutes regarding grand jury proceedings is also instructive on this issue. The rules concerning the grand jury and indictment process are found in West Virginia Rules of Criminal Procedure, Rules 6 and 7. These rules of criminal procedure govern all criminal proceedings. *See* W.Va.Crim.P. 1. West Virginia Code § 52–2–7 (1981) further states that it is the duty of the grand jury to "inquire of and present all felonies, misdemeanors and violations of penal laws,...." Since a juvenile is charged by a juvenile petition, the jurisdiction of grand juries would not encompass offenses committed by juveniles until such time as there is a transfer to adult status.

In fact, W.Va. Code § 49–5–2 provides that:

A child may be brought before the circuit court for proceedings under this article by the following means and *no others:*

(a) By juvenile petition praying that the child be adjudged neglected or delinquent;

(b) Certification or transfer to the juvenile jurisdiction of the circuit court, from the criminal jurisdiction of such court, from any foreign court or any court of this State before which such child is brought charged with the commission of a crime, ...;

(c) By warrant, capias or attachment issued by a judge, referee or magistrate returnable to the circuit court, charging a child with an act of delinquency.

W.Va. Code § 49–5–2 (emphasis added). Based on the foregoing section of the juvenile statute, it is clear that a grand jury, whose duty it is to inquire into offenses within the criminal jurisdiction of the circuit court, has no jurisdiction to inquire into activities of juveniles until they have been transferred.

While we gave cursory attention to this same issue in *Arbogast v. R.B.C.*, 171 W.Va. 737, 301 S.E.2d 827 (1983) and *State v. Beaman*, 181 W.Va. 614, 383 S.E.2d 796 (1989), those cases dealt primarily with other issues relating to juvenile proceedings. In *Arbogast*, although this Court indicated that nothing in the juvenile law prohibited the state from seeking an indictment against a juvenile against whom transfer proceedings were contemplated, we went on to suggest that although this procedure might have constituted error, that in the context of the *Arbogast* facts, it was harmless error. To the extent that *Arbogast* and *Beaman* are in conflict with the principles set forth herein, they are overruled. Clearly, the correct procedure is that set forth by statute on transfer of a juvenile to adult jurisdiction prior to presentation of evidence to establish probable cause to a grand jury whose jurisdiction relates to adult criminal offenses. Although our decision in this case is based on the law set forth in W.Va. Code §§ 49–5–1 to –15, it generally comports with that of other states with similar statutes.[5]

While in some circumstances, a child's statutory and constitutional rights may be adequately protected in this reverse procedure, the state's duty to comply with the spirit and substance of W.Va. Code §§ 49–5–1 to –15 must generally mandate transfer prior to indictment. Thus, we hold that the state must follow the juvenile proceedings set forth in W.Va. Code §§ 49–5–1 to –15, and may not circumvent rights guaranteed by constitution or statute by obtaining an indictment against a juvenile before

---

5. *See Seay v. State*, 167 Ind.App. 22, 337 N.E.2d 489 (1975) (without a waiver of properly acquired juvenile jurisdiction, grand jury could not have handed down indictment against juvenile defendant if it was known that he was under 18 years of age); *Johnson v. Commonwealth of Kentucky*, 606 S.W.2d 622 (Ky.1980) (juvenile court obtained exclusive jurisdiction when juvenile petition was filed and pending, and since no transfer hearing had been held, circuit court was without jurisdiction to obtain an indictment); *Hernandez v. State*, 603 S.W.2d 848 (Tex.Cr.App.1980) (where neither an examining trial nor waiver was obtained prior to return of indictment, indictment was void and circuit court had no jurisdiction to proceed); *Bragg v. State*, 453 So.2d 756 (Ala.Cr.App.1984) (so long as juvenile defendant was transferred before he was indicted, indictment was proper even though appeal of transfer still pending).

the transfer hearing is held and a transfer to adult status is deemed to be warranted by the circuit court. Until a juvenile is transferred to adult status, a grand jury has no jurisdiction to return a true bill against him.

We therefore grant the writs of prohibition and mandamus and direct the respondent parties to dismiss the indictments against V.E.B. and M.D.H. until such time as each is transferred to adult criminal jurisdiction and to refrain from seeking an indictment against E.B., Jr. until he has been transferred to adult criminal jurisdiction.

Writs granted.