697 S.E.2d 110

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**LARRY T., Defendant Below, Appellant.**

No. 34744.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 26, 2010.

Decided June 15, 2010.

Breinne A. Mullins, Esq., Charles Scott Driver, III, Esq., Public Defender Corporation, Charleston, WV, for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Dawn E. Warfield, Esq., Deputy Attorney General, for Appellee.

BENJAMIN, Justice:

Larry T., the appellant, appeals from a transfer order of the Circuit Court of Kana- wha County which waived the court's juvenile jurisdiction and transferred the appellant to criminal jurisdiction pursuant to W. Va.Code § 49–5–10 (2001).[1] Because we find prejudicial error in the proceedings below, we reverse and remand to the juvenile jurisdiction of the court.

## I.

## FACTS

In August 2008, a juvenile petition was filed in the Circuit Court of Kanawha County alleging that Larry T.,[2] a juvenile, was guilty of sexual abuse in the first degree in violation of W. Va.Code § 61–8B–7(a)(3) (2006). According to this code section, "[a] person is guilty of sexual abuse in the first degree when . . . [s]uch person, being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old."[3] It was specifically alleged in the petition that the 10–year old victim told her mother that the appellant had put his hands down the victim's pants and had placed his finger in the victim's vagina. The sexual abuse was alleged to have occurred on July 24, 2008, two days before the appellant's eighteenth birthday.[4]

Shortly thereafter, a second juvenile petition was filed against the appellant charging him with first degree sexual assault in violation of W. Va.Code § 61–8B–3 (2006).[5] This

---

1. A direct appeal of the transfer order is authorized by W. Va.Code § 49–5–10(j).

2. Considering the nature of the crime allegedly committed in this case and the tender age of the alleged victim, we adhere to our practice of using initials, rather than full names, in cases involving sensitive matters. *See State ex rel. Paul B. v. Hill*, 201 W.Va. 248, 250 n. 1, 496 S.E.2d 198, 200 n. 1 (1997).

3. "Sexual contact" is defined in W. Va.Code § 61–8B–1(6) (2007) as "any intentional touching, either directly or through clothing, of the breasts, buttocks, anus or any part of the sex organs of another person, or intentional touching of any part of another person's body by the actor's sex organs, where the victim is not married to the actor and the touching is done for the purpose of gratifying the sexual desire of either party."

4. The alleged victim of the sexual abuse is the stepdaughter of the appellant's brother.

5. According to W. Va.Code § 61–8B–3(a)(2), in pertinent part, "[a] person is guilty of sexual assault in the first degree when . . . [t]he person, being fourteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is younger than twelve years old and is not married to that person." Upon a finding of probable cause in the transfer hearing that a juvenile who is at least fourteen years old committed sexual assault in the first degree, transfer to criminal jurisdiction is mandatory. *See*, W. Va.Code § 49–5–10(d)(1) (providing, in pertinent part, that "[t]he court shall transfer a juvenile proceeding to criminal jurisdiction if there is probable cause to believe that . . . [t]he juvenile is at least fourteen years of age and has committed the crime of . . . sexual assault in the first degree under section three [§ 61–8B–3] article eight-b of said chapter[.]").

petition was based on the same set of facts as the previous petition that alleged sexual abuse.

A juvenile referee subsequently found at a preliminary hearing on the sexual abuse petition that there was probable cause to believe that the appellant is a juvenile delinquent. On September 26, 2008, an arraignment hearing was held before the Circuit Court of Kanawha County on the sexual abuse petition.[6] At this hearing, the appellant was asked to enter a plea, and he pled not guilty. After the plea was taken, the court inquired of the prosecutor whether the State planned to move to transfer the sexual abuse petition to criminal jurisdiction. The prosecutor replied that she did not plan to move to transfer the sexual abuse charge to criminal jurisdiction, but she did plan to move to transfer the sexual assault petition.[7] However, at the subsequent preliminary hearing on the sexual assault petition, a juvenile referee found that there was not probable cause to support the sexual assault charge, and that charge was dismissed.

As a result, the State moved to transfer the appellant to criminal jurisdiction on the sexual abuse charge. After a hearing on this motion at which evidence was adduced by the State, the circuit court, in its October 20, 2008, order, found that it was proper to transfer the appellant to criminal jurisdiction under the applicable statutory requirements.[8] The appellant now alleges several errors in the circuit court's order, and he requests that this Court reverse the order and remand this case to the court's juvenile jurisdiction.

## II.

### STANDARD OF REVIEW

This Court has explained the proper appellate review of an order transferring a juvenile to criminal jurisdiction as follows:

Where the findings of fact and conclusions of law justifying an order transferring a juvenile proceeding to the criminal jurisdiction of the circuit court are clearly wrong or against the plain preponderance of the evidence, such findings of fact and conclusions of law must be reversed. W. Va.Code, 49–5–10(a) [1977] [now 2001].

Syllabus Point 1, *State v. Bannister,* 162 W.Va. 447, 250 S.E.2d 53 (1978). We have more recently clarified that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995). In reviewing a circuit court's order to transfer a juvenile proceeding to criminal jurisdiction, this Court also is mindful that "[t]he Legislature, in enacting the juvenile proceedings statutes, *W. Va.Code,* 49–9–1, *et seq.,* [now W. Va.Code §§ 49–5–1, *et seq.*], manifested an intention that juveniles should, in the ordinary case, be subject to juvenile court jurisdiction. Transfer, therefore, should be the exception and not the rule." Syllabus Point 2, *State ex rel. Smith v. Scott,* 160 W.Va. 730, 238 S.E.2d 223 (1977). Utilizing these standards, we will proceed to review the circuit court order before us.

## III.

### DISCUSSION

#### A.

The appellant raises three assignments of error in his challenge to the circuit court's transfer order. First, the appellant argues that the circuit court violated W. Va.Code § 49–5–10(b) by permitting the State to proceed on a transfer motion filed after the

---

**6.** This arraignment hearing also concerned the appellant's alleged violation of his probation. In June 2008, the appellant pled guilty to being a juvenile delinquent by committing the offenses of obstructing and public intoxication and was placed on probation for a period of one year. The issue of the alleged probation violation was held in abeyance until the adjudication of the sexual abuse charge.

**7.** In fact, the State indicated at this time that "[a] first degree sexual abuse, we cannot transfer with his history[.]"

**8.** At the transfer hearing, the appellant's counsel moved to dismiss arguing that because the appellant entered a denial of the allegations against him at the arraignment, the State was precluded from proceeding with the transfer motion. The appellant's motion was denied.

appellant's arraignment in which the appellant entered a plea. We agree with the appellant.

West Virginia Code § 49–5–10 (2001) deals generally with waiver and transfer of jurisdiction in juvenile proceedings. According to W. Va.Code § 49–5–10(a):

> Upon written motion of the prosecuting attorney filed at least eight days prior to the adjudicatory hearing and with reasonable notice to the juvenile, his or her counsel, and his or her parents, guardians or custodians, the court shall conduct a hearing to determine if juvenile jurisdiction should or must be waived and the proceeding transferred to the criminal jurisdiction of the court. Any motion filed in accordance with this section is to state, with particularity, the grounds for the requested transfer, including the grounds relied upon as set forth in subsection (d), (e), (f) or (g) of this section, and the burden is upon the state to establish the grounds by clear and convincing evidence. Any hearing held under the provisions of this section is to be held within seven days of the filing of the motion for transfer unless it is continued for good cause.

Subsection (b), which is at issue in this case, provides:

> No inquiry relative to admission or denial of the allegations of the charge or the demand for jury trial may be made by or before the court until the court has determined whether the proceeding is to be transferred to criminal jurisdiction.

■ In construing W. Va.Code § 49–5–10(b), we are guided by our rule that "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syllabus Point 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951). This Court believes that subsection (b) clearly and unambiguously prohibits requiring a juvenile to plead to allegations in a juvenile petition prior to the court's decision whether the

juvenile is to be transferred to criminal jurisdiction.

This construction of W. Va.Code § 49–5–10(b) is consistent with the procedures for juvenile proceedings provided in W. Va.Code §§ 49–5–1, *et seq.* Pursuant to W. Va.Code § 49–5–10(a), a motion to transfer a juvenile to criminal jurisdiction must be filed at least eight days prior to the adjudicatory hearing. Upon the filing of a motion to transfer, "the court shall conduct a hearing to determine if juvenile jurisdiction should or must be waived and the proceeding transferred to the criminal jurisdiction of the court." W. Va. Code § 49–5–10(a). In the event the case remains under juvenile jurisdiction, the case proceeds to an adjudicatory hearing pursuant to W. Va.Code § 49–5–11 (1998). It is not until the adjudicatory hearing that a juvenile is called upon to state whether he or she wishes to admit or deny the allegations in the petition. *Id.* It is obvious from this procedure that a court must determine whether the proceeding is to be transferred to adult jurisdiction before the juvenile is required to enter a plea.

■ Having found that W. Va.Code § 49–5–10(b) is clear and unambiguous and plainly expresses the legislative intent, we will give the code section its full force and effect. Therefore, we hold that pursuant to W. Va.Code § 49–5–10(b) (2001), a court shall not require a juvenile to admit or deny the allegations in a juvenile petition or inquire whether a juvenile demands a jury trial before the court determines whether the juvenile proceeding is to be transferred to criminal jurisdiction. According to W. Va.Code § 49–5–11 (1998), the court shall inquire of the juvenile whether he or she wishes to admit or deny the allegations in the petition at the outset of the adjudicatory hearing. Upon application of our holding to the procedure used below by the circuit court, we conclude that the circuit court violated W. Va.Code § 49–5–10(b), by requiring the appellant to enter his plea prior to the time the circuit court determined whether to transfer the appellant's case to criminal jurisdiction.[9]

9. The appellant's plea below occurred in a hearing called an arraignment. The parties represented at oral argument before this Court that

the Circuit Court of Kanawha County is one of the few circuit courts in the State to conduct an arraignment in juvenile proceedings. However,

During the oral argument of this case, the State agreed with the appellant that the circuit court erred in requiring the appellant to plead before the circuit court decided the question of transfer to criminal jurisdiction. However, the State posited that the error was harmless. We disagree. This Court finds that the Legislature's purpose in enacting W. Va.Code § 49–5–10(b), was to prevent the State from having an unfair tactical advantage in juvenile proceedings. In the event the appellant herein had pled guilty, he would have remained under juvenile jurisdiction. The appellant's plea of not guilty, however, permitted the State to then file a motion to transfer the appellant to criminal jurisdiction. If the State is allowed to wait until a juvenile enters his or her plea before filing a motion to transfer, the State could compel a juvenile to plead guilty under the threat that a not guilty plea would subject the juvenile to a transfer to criminal jurisdiction. The State could also retaliate against a juvenile for pleading not guilty by moving to transfer the appellant to criminal jurisdiction as a result of the plea of not guilty. Obviously, either of these actions by the State would be highly improper. In view of the Legislature's purpose in enacting W. Va.Code § 49–5–10(b), which is to protect a juvenile's rights from an undue tactical advantage of the State, this Court believes the best practice is to treat a violation of W. Va.Code § 49–5–10(b), as prejudice per se. Accordingly, we hold that a violation of W. Va.Code § 49–5–10(b) (2001), wherein the court requires a juvenile to admit or deny the allegations in a juvenile petition or inquires whether a juvenile demands a jury trial prior to the court's determination whether the juvenile proceeding is to be transferred to criminal jurisdiction, constitutes prejudice per se to the juvenile. Based on the circuit court's violation of W. Va.Code § 49–5–10(b)

below, we reverse the appellant's transfer to criminal jurisdiction.[10]

Having reversed the circuit court's order transferring the appellant to the court's criminal jurisdiction, we next address the question of the proper disposition of the appellant's case on remand. Generally, where there are defects in a transfer hearing, we will reverse and remand the case for a further transfer hearing. This is because "[d]ouble jeopardy principles are not involved because a transfer hearing does not involve an adjudication of guilt." *Matter of Mark E.P.*, 175 W.Va. 83, 92, 331 S.E.2d 813, 821 (1985) (citation omitted). However, in the instant case, it would not be proper to remand this case for another transfer hearing. The appellant has already been required to enter a plea prior to the circuit court's determination on the issue of transfer. Such an error is not correctable by holding another transfer hearing. For this reason, this Court remands this case to the juvenile jurisdiction of the court below.

### B.

The appellant's second assignment of error is that the circuit court erred in failing to consider all of the statutorily required factors when it transferred the appellant's proceeding to adult jurisdiction. Although it is unnecessary for this Court to address the appellant's second assignment of error for the purposes of this case, we will do so in order to emphasize to courts below the critical importance of scrupulously analyzing the relevant statutory factors before transferring a juvenile to criminal jurisdiction. In the instant case, we find that there was insufficient evidence presented by the State at the transfer hearing to permit sufficient consideration of the statutory factors.

an arraignment is not provided for in W. Va. Code §§ 49–5–1, *et seq.* as a part of juvenile proceedings. The purpose of an arraignment is to inform the defendant of the substance of the charges and to call upon the defendant to plead to those charges. *See* Rule 10 of the *West Virginia Rules of Criminal Procedure.* However, as noted above, under the juvenile proceedings statutes, the juvenile is required to plead to the charges at the adjudicatory hearing. Thus, there

simply is no need for an arraignment in juvenile proceedings.

**10.** This Court's holding in this case stems solely from the Court's interpretation of a statute which has procedural, but not constitutional, implications. Therefore, this decision has prospective application only.

▖▖▖▖▖ The appellant's proceeding was transferred pursuant to W. Va.Code § 49–5–10(g)(1), which provides:

> (g) The court may, upon consideration of the juvenile's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and similar personal factors, transfer a juvenile proceeding to criminal jurisdiction, if there is probable cause to believe that:
>
> (1) The juvenile, who is at least fourteen years of age has committed an offense of violence to a person which would be a felony if the juvenile was an adult[.]

With regard to a court's analysis of these personal factors, this Court has held:

> " 'Before transfer of a juvenile to criminal court, a juvenile court judge must make a careful, detailed analysis into the child's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and other similar personal factors.' *W. Va.Code,* 49–5–10(d) [now W. Va.Code § 49–5–10(f) and (g) ]." Syl. Pt. 4, *State v. C.J.S.,* 164 W.Va. 473, 263 S.E.2d 899 (1980), *overruled in part on other grounds, State v. Petry,* 166 W.Va. 153, 273 S.E.2d 346 (1980) and *State ex rel. Cook v. Helms,* 170 W.Va. 200, 292 S.E.2d 610 (1981).

Syllabus Point 2, *State v. Sonja B.,* 183 W.Va. 380, 395 S.E.2d 803 (1990). Because a transfer pursuant to W. Va.Code § 49–5–10(g) is discretionary, a court is required to carefully consider the personal factors set forth in that subsection prior to transferring a juvenile to criminal jurisdiction. A close analysis of these personal factors is important to the circuit court's consideration of the appropriateness of transfer in a given case because "[t]he juvenile law of this state, both statutory and that developed judicially, has been designed to rehabilitate the child." *State v. Sonja B.,* 183 W.Va. at 384, 395 S.E.2d at 807. We have explained how an analysis of these factors furthers the goal of juvenile rehabilitation as follows:

> A holistic appraisal of the child and his environment is consistent with the broad rehabilitative purposes of juvenile law, and

reflects a legislative recognition that unlawful behavior is not simply a product of the evils of human nature. That criminal, anti-social behavior may have its genesis in a broken or violent home, in educational difficulties, or in poverty. The causes of a child's behavior, therefore, must be analyzed if the rehabilitative, child-saving purpose of our child welfare law is to be fulfilled.

*State v. D.D.,* 172 W.Va. 791, 795, 310 S.E.2d 858, 862 (1983).

At the hearing on the State's motion to transfer below, the State presented two witnesses to testify specifically concerning the factors set forth in W. Va.Code § 49–5–10(g). The first witness was Ricky Smoot, the appellant's probation officer. Mr. Smoot testified that the appellant attended the Garnet Career Center in order to acquire his G.E.D., and that the appellant also was working at a Long John Silver's Restaurant. Mr. Smoot further indicated that the appellant had no problems while on probation except for one positive drug screen for marijuana. It was Mr. Smoot's opinion that juvenile court helped the appellant abstain from illegal drug use. Otherwise, Mr. Smoot testified that he had conducted no home visits, could offer no information on the appellant's home or family environment, and did not possess sufficient knowledge to judge whether the appellant is mature.[11] The second witness presented by the State was Patricia T., the appellant's mother. Ms. T. testified that the appellant quit school "because he had bad nerves and ... kids were bothering him and making fun of his clothes." She indicated that the appellant had a history of mental health problems, "[a] little bit, not too much." According to Ms. T., the appellant was treated for depression in a mental health facility when he was about 6 years old. However, Ms. T. indicated that the appellant had received no mental health treatment as a teenager. Finally, Ms. T. opined that the appellant had been doing great, working 14 hours a week, and coming home when he is supposed to.

---

11. During Mr. Smoot's testimony, he referred to a drug abuse assessment conducted by a psychologist, Henry Busse. However, this report was not introduced into evidence.

 This Court finds that the evidence introduced below in support of the State's motion to transfer the appellant to criminal jurisdiction was insufficient to enable the circuit court to conduct a careful analysis of the relevant statutory factors. No expert psychological evidence was presented concerning the appellant's mental health which is especially troubling considering the appellant's apparent history of depression. There was also a dearth of evidence presented with regard to the appellant's maturity or emotional attitude. In addition, no objective evidence was offered concerning the appellant's home or family environment. Further, no school records were adduced at the hearing. While the appellant's mother testified that the appellant quit school, she could not remember when this occurred. The appellant's probation officer testified that the appellant was attending the Garnet Career Center in order to earn his G.E.D., but no records were introduced of the appellant's progress in that endeavor.[12] We conclude that this evidence was cursory and anecdotal and clearly insufficient to permit more than a superficial analysis prior to transferring the appellant to the court's criminal jurisdiction.[13]

In sum, this Court finds that the it was prejudicial error under W. Va.Code § 49–5–10(b) for the court below to inquire of the appellant whether he wished to admit or deny the allegations in the petition filed against him before the circuit court determined whether the proceeding was to be transferred to criminal jurisdiction. Therefore, this Court reverses the appellant's transfer to criminal jurisdiction. Moreover, because this error is not correctable by conducting another transfer hearing, this Court remands this case to the juvenile jurisdiction of the court below.[14]

## IV.

## CONCLUSION

Based on the foregoing, the October 20, 2008, order of the Circuit Court of Kanawha County that transferred the appellant to criminal jurisdiction is reversed, and this case is remanded to the court's juvenile jurisdiction.

Reversed and remanded.

---

**12.** *See State v. Michael S.,* 188 W.Va. 229 at 232, 423 S.E.2d 632 at 635 (finding insufficient consideration of the statutory factors where the record revealed "that no evidence concerning the appellant's home or family environment was presented for the trial court's consideration, and only cursory examinations of his rehabilitation potential, maturity and mental status were performed."); *State v. Sonja B., supra* (finding insufficient consideration given to the statutory factors prior to transfer).

**13.** In its brief to this Court, the State acknowledged that the evidence submitted by the State at the transfer hearing was "admittedly not comprehensive," but nevertheless asserts that the evidence was sufficient to support the circuit court's decision.

**14.** The appellant's third assignment of error is that the circuit court erred in finding probable cause that the appellant committed first degree sexual abuse for the purpose of transferring the appellant to criminal jurisdiction. Because we reverse the transfer order and remand the appellant to the juvenile jurisdiction of the court, we find it unnecessary to consider this assignment of error.