# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0641** (Preston County 12-JD-15)

**Colton B., Defendant Below, Petitioner**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Chaelyn W. Casteel, arises from the Circuit Court of Preston County, wherein the circuit court transferred his criminal proceeding from juvenile jurisdiction to adult jurisdiction by order entered on May 12, 2012.[1] The State, by counsel Mel Snyder, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 6, 2012, the State filed a "Motion to Detain or Require Bond" and a "Juvenile Delinquency Petition" alleging that petitioner committed the felony offense of first degree robbery. A detention hearing was held and the circuit court ordered petitioner be held in a juvenile detention center pending further proceedings. On April 19, 2012, the State filed a motion to transfer the matter to adult criminal jurisdiction. Following a hearing on the motion, the circuit court ordered the matter transferred to adult criminal jurisdiction. It is from this order that petitioner appeals.

On appeal, petitioner alleges that the circuit court erred in finding that his statements to the police were freely and voluntarily made and therefore admissible to prove the allegations of the petition against him. In support, petitioner argues that he should have been advised, beyond the *Miranda* warnings he did receive, that his statements could result in a mandatory transfer to adult jurisdiction upon motion by the State. Further, petitioner argues that he should have been advised that the punishment upon conviction for first degree robbery could amount to a term of incarceration for life. Petitioner argues that these failures amount to a violation of his Eighth Amendment right against cruel and unusual punishment. Lastly, petitioner argues that his statements were illegally obtained and the later use of the statements against him was prohibited as fruit of the poisonous tree.

---

[1] In keeping with the Court's policy of protecting the identity of minors, petitioner will be referred to by his last initial throughout this memorandum decision.

In response, the State argues that the circuit court did not err in its findings as to petitioner's statements. According to the State, petitioner's argument as to an Eighth Amendment violation is unsupported by the law because no sentence or sanction has yet been imposed. As such, the State argues that no actual controversy exists in relation to cruel and unusual punishment and the matter is simply not ripe for consideration. Further, the State argues that the statements in question were freely and voluntarily made because petitioner was properly Mirandized, he signed a waiver of his rights, and there was no evidence that he was coerced to waive those rights.

We have held that "'[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." *State v. Larry T.*, 226 W.Va. 74, 77, 697 S.E.2d 110, 113 (2010). Further, we have held that

> "[w]here the findings of fact and conclusions of law justifying an order transferring a juvenile proceeding to the criminal jurisdiction of the circuit court are clearly wrong or against the plain preponderance of the evidence, such findings of fact and conclusions of law must be reversed. W. Va.Code, 49–5–10(a) [1977] [now 2001]." Syllabus Point 1, *State v. Bannister*, 162 W.Va. 447, 250 S.E.2d 53 (1978).

*Id.* Upon our review, the Court finds no error in the circuit court's order transferring the matter to adult criminal jurisdiction. Further, we decline to address petitioner's assignments of error on appeal because the circuit court was presented with sufficient evidence to order the transfer, absent the statements in question. Specifically, it is undisputed that petitioner was seventeen years old at the time of the crime. At the transfer hearing, the victim testified and specifically identified petitioner as the individual with the firearm during the commission of the crime. As such, the circuit court was required to order transfer of this matter to adult criminal jurisdiction in accordance with West Virginia Code § 49-5-10(d)(1).

For the foregoing reasons, the circuit court's order transferring the matter to adult criminal jurisdiction is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II