**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0683** (Berkeley County CC-02-2020-F-38)

**Brooklyn Zavion Johnson,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Brooklyn Zavion Johnson appeals his convictions for first-degree murder, conspiracy to commit murder, and use of a firearm in the commission of a felony and the August 3, 2021, sentencing order of the Circuit Court of Berkeley County.[1] Petitioner argues that the circuit court improperly (1) admitted evidence at trial that should have been excluded; (2) found that his detention was lawful; (3) allowed evidence of prior bad acts at trial; (4) transferred him to adult status; and (5) responded to a jury question during deliberations. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

1.

Petitioner initially argues that the circuit court erred in denying his motion to suppress because the warrantless search of his motel room was an unlawful search, and, therefore, any evidence that was obtained from the search should be suppressed as fruit of the poisonous tree. The State maintains that petitioner, a minor, was in a motel room that was rented by another individual, and that the search was appropriate because law enforcement officers were granted voluntary consent to enter the motel room by the individual who rented the room. We apply the following standard of review:

> When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the

---

[1] Petitioner appears by counsel Christian J. Riddell. The State of West Virginia, by counsel Patrick Morrisey and Lara K. Bissett, filed a response in support of the circuit court's order.

opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error.

Syl. Pt. 1, *State v. Lacy*, 196 W. Va. 104, 468 S.E.2d 719 (1996). Further, "a circuit court's denial of a motion to suppress evidence will be affirmed unless it is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake has been made." *Id*. at 107, 468 S.E.2d at 722, Syl. Pt. 2, in part.

Addressing consent, this Court has held:

"[t]he general rule is that the voluntary consent of a person who owns or controls premises to a search of such premises is sufficient to authorize such search without a search warrant, and that a search of such premises, without a warrant, when consented to, does not violate the constitutional prohibition against unreasonable searches and seizures." Syl. Pt. 8, *State v. Plantz,* 155 W.Va. 24, 180 S.E.2d 614 (1971), *overruled in part on other grounds by State ex rel. White v. Mohn,* 168 W.Va. 211, 283 S.E.2d 914 (1981).

"'Whether a consent to a search is in fact voluntary or is the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances.' Syllabus Point 8, *State v. Craft,* 165 W.Va. 741, 272 S.E.2d 46 (1980)." Syl. Pt. 4, *State v. Worley,* 179 W.Va. 403, 369 S.E.2d 706, *cert. denied,* 488 U.S. 895, 109 S.Ct. 236, 102 L.Ed.2d 226 (1988).

The circuit court, and this Court on review, should consider the following six criteria when evaluating the voluntariness of a [consenter's] consent: 1) the [consenter's] custodial status; 2) the use of duress or coercive tactics by law enforcement personnel; 3) the [consenter's] knowledge of his right to refuse to consent; 4) the [consenter's] education and intelligence; 5) the [consenter's] belief that no incriminating evidence will be found; and 6) the extent and level of the [consenter's] cooperation with the law enforcement personnel. While each of these criteria is generally relevant in analyzing whether consent is given voluntarily, no one factor is dispositive or controlling in determining the voluntariness of consent since such determinations continue to be based on the totality of the circumstances.

Syl. Pts. 1-3, *State v. Buzzard*, 194 W. Va. 544, 461 S.E.2d 50 (1995).

Denying petitioner's motion to suppress, the circuit court noted that the individual who rented the room gave law enforcement officers verbal consent to the search the room. Consistent with the circuit court's findings, the appellate record reflects that the individual who gave consent to law enforcement officers to search the room was not in custody nor under duress. Additionally, law enforcement officers did not employ coercive tactics to procure his consent; instead, they repeatedly advised him that he had the right to refuse consent to search the room. Moreover, the circuit court found that petitioner, a minor, did not have a reasonable expectation of privacy in the motel room. Reviewing this ruling in the light most favorable to the State, and giving particular deference to the findings of the circuit court, we find that the individual who rented the room did

voluntarily consent to allow law enforcement officers to search the room. Thus, we decline to disturb this ruling on appeal.

2.

Petitioner also maintains that it was unlawful for the State to detain him because his "seizure" was made without probable cause to believe that he had committed a felony, arguing that law enforcement officers were merely investigating his involvement in a misdemeanor brandishing incident at the time he was detained. The State, however, argues that it was appropriate for law enforcement officers to detain petitioner because he was reported as a juvenile runaway and because investigating officers had probable cause to believe that he had taken part in a murder. This Court has held that

> "[a]n officer, with authority to conserve the peace, may, without a warrant, arrest any person who he, upon probable cause, believes has committed or is committing a felony, though it afterwards appears that no felony was actually perpetrated." Syllabus Point 2, *State v. Duvernoy*, 156 W.Va. 578, 195 S.E.2d 631 (1973).

> "'Probable cause to make an arrest without a warrant exists when the facts and the circumstances within the knowledge of the arresting officers are sufficient to warrant a prudent man in believing that an offense has been committed.' Point 1 Syllabus, *State v. Plantz*, (155) W.Va. (24) (180 S.E.2d 614)." Syllabus Point 3, *State v. Duvernoy*, 156 W.Va. 578, 195 S.E.2d 631 (1973).

Syl. Pts. 6 and 7, *State v. Craft*, 165 W. Va. 741, 272 S.E2d 46 (1980).

Based upon the trial testimony, law enforcement officers were looking for two young black males in connection with a murder investigation at the time petitioner was detained. The males — one described as having a light complexion and the second as having a dark complexion — were reported to go by the name the "D.C. Boys," operating a silver vehicle, and frequenting hotel rooms in Berkeley County. One of the officers also learned that law enforcement had recently interacted with a male, fitting the description of one of the suspects, who was in a silver Nissan with Virginia license plates. The officer was provided a Facebook picture showing the suspects standing side by side, and, at the time that petitioner was detained, he compared the photo and confirmed that he had located his suspects. Inasmuch as the record suggests that the investigating officers had probable cause to suggest that petitioner had committed a murder, they had authority to detain him without a warrant. Accordingly, we find that the circuit court did not err in determining that petitioner's detention was lawful.

3.

Petitioner also argues that the court erroneously admitted evidence that should have been excluded pursuant to Rule 404(b) of the West Virginia Rules of Evidence. Specifically, petitioner contends that the court should have excluded the testimony from a witness that petitioner showed

3

the witness a gun and told her he wanted to "pop off" two days before the murder. The State, however, maintains, that the testimony was intrinsic to the crime and, therefore, did not implicate Rule 404(b). We have held that "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis*, 204 W. Va. 58, 511 S.E.2d 469 (1998). "'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *State v. LaRock*, 196 W. Va. 294, 312 n.29, 470 S.E.2d 613, 631 n.29 (1996) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990)). Here, the testimony that petitioner showed the witness a gun that he wanted to "pop off" was inextricably intertwined to the crime charge. We agree with the State that Rule 404(b) was not implicated, as the testimony was intrinsic, not extrinsic to the murder. Thus, we find that the circuit court did not abuse its discretion in concluding that the evidence was admissible.

4.

Next, petitioner argues that the court erroneously transferred him to adult status without providing notice of the transfer hearing to both of his parents.[2] The State responded that it provided notice to his grandmother, who was his legal guardian, and his mother, and, therefore, it provided appropriate notice.[3] Moreover, the State maintained that petitioner's transfer was mandatory

---

[2] Petitioner, a minor, also claims that the "greatest care" was not taken to assure his rights were protected because his parents were not present during his interrogation. He argues that he was given only a "perfunctory" *Miranda* warning and "was likely in an altered state." However, inasmuch as his brief failed to cite to the record or law in support of this argument, we decline to address this argument.

[3] West Virginia Code § 49-4-710 provides, in pertinent part, that

(a) Upon written motion of the prosecuting attorney filed at least eight days prior to the adjudicatory hearing and **with reasonable notice to the juvenile, his or her counsel, and his or her parents, guardians or custodians**, the court shall conduct a hearing to determine if juvenile jurisdiction should or must be waived and the proceeding transferred to the criminal jurisdiction of the court. Any motion filed in accordance with this section is to state, with particularity, the grounds for the requested transfer, including the grounds relied upon as set forth in subsection (d), (e), (f) or (g) of this section, and the burden is upon the state to establish the grounds by clear and convincing evidence. Any hearing held under this section is to be held within seven days of the filing of the motion for transfer unless it is continued for good cause.
. . .
(d) The court **shall transfer** a juvenile proceeding to criminal jurisdiction if there is probable cause to believe that:

(continued . . . )

pursuant to West Virginia Code § 49-4-710(d) because he was charged with an enumerated offense.

The circuit court's application of the transfer statute is reviewed de novo. *State v. Larry T.*, 226 W. Va. 74, 77, 697 S.E.2d 110, 113 (2010) (citing Syl. Pt. 1, *Crystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995)). Further, an order transferring a juvenile to adult jurisdiction may only be set aside where the order is "clearly wrong or against the plain preponderance of the evidence[.]" Syl. Pt. 1, in part, *State v. Bannister*, 162 W. Va. 447, 250 S.E.2d 53 (1978). Upon our review of the record, petitioner's legal guardian and his mother were given notice of his transfer. Moreover, murder is an enumerated offense in the transfer statute that required that petitioner be transferred to adult status. W. Va. Code § 49-4-710(d)(1). Accordingly, we decline to find that the circuit court's order transferring petitioner to adult status was clearly wrong or against the plain preponderance of the evidence, and, therefore, refuse to disturb this ruling on appeal.

5.

Finally, petitioner maintains that the circuit court improperly responded to the following jury question:

> On page 9 the instructions read, ["and] by acting with another contributed to the criminal act is criminally liable for such as offense as if he were the sole perpetrator[.]". . . . [I]s it a correct understanding of our instructions that if he was in the car he is guilty of first degree murder[?]

After considering briefing and arguments from the parties, the court provided the jury the following supplemental instruction:

> merely witnessing a crime without intervention does not make a person a party to its commission unless this interference was a duty and his non-interference was one of the conditions of the commission of the crime or unless his non-interference was designed by him and operated as an encouragement to or protection of the perpetrator . . . . [Proof] that the defendant was present at the time and place of the crime was committed is a factor to be considered in determining guilt along with

---

(1) The juvenile is at least fourteen years of age and has committed the crime of treason under section one, article one, chapter sixty-one of this code; **the crime of murder under sections one, two and three, article two of that chapter;** the crime of robbery involving the use or presenting of firearms or other deadly weapons under section twelve, article two of that chapter; the crime of kidnapping under section fourteen-a of article two of that chapter; the crime of first degree arson under section one, article three of that chapter; or the crime of sexual assault in the first degree under section three, article eight-b of that chapter[.]

Emphasis added.

other circumstances such as the defendant's association with or relation to the perpetrator and his conduct before and after the commission of the crime.

This Court has noted that "a 'trial court has discretion in determining how best to respond to a jury question. We will review any such response for an abuse of discretion.'" *State v. Davis*, 220 W. Va. 590, 593, 648 S.E.2d 354, 357 (2007) (quoting *People v. Sanders*, 368 Ill.App.3d 533, 306 Ill.Dec. 549, 857 N.E.2d 948, 952 (2006)). Here, upon receiving the jury question, the court sought guidance from the parties and eventually provided a supplemental instruction that was consistent with existing law. Therefore, there is no basis for this Court to find that the circuit court abused its discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 6, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn